# THE STATE ex rel. OTTO J. LEHRACK v. FRANCIS H. TRIMBLE et al., Judges of Kansas City Court of Appeals.

### Division Two, June 5, 1925.

1. **CERTIORARI: To Court of Appeals: Purpose: Uniformity.** A writ of *certiorari* to a court of appeals in no wise performs the office of a writ of error, and is entertained, not for the purpose of discovering errors, but only for the purpose of maintaining uniformity in the statements of the law as they appear in the written opinions of the appellate courts of the State; and that purpose necessarily implies that an opinion of a court of appeals can be quashed only because it conflicts with a prior ruling of this court and thereby impairs uniformity, and therefore the conflict must appear on the face of its opinion.

2. **NEGLIGENCE: Specific Acts: Submissions to Jury.** Where the Court of Appeals in its opinion says that "the cause was tried and submitted on three specific acts of negligence" enumerated, it will not be ruled on *certiorari* that the three acts comprised all there was in the instructions, or that the cause was submitted on general allegations of negligence, where the instructions are not set forth or specifically outlined in the opinion; but it will be assumed, in the absence of a showing by the opinion to the contrary, that the trial court in submitting the issues submitted them as specifically as they were alleged in the petition.

3. ———: ———: **Insufficient Allegations.** A complaint that the allegations of the specific acts of negligence were not specific enough will not be considered upon *certiorari* to the Court of Appeals where no such question was considered in its opinion.

4. ———: **Proximate Cause.** It will not be ruled on *certiorari* to the Court of Appeals that the negligence alleged was not the proximate cause of the injury where its opinion says it was the proximate cause and sets out facts established by the evidence which show that it was.

5. ———: **Safe Place: Changing Conditions.** Where the defect in the hole in the floor through which the servant fell was there before he was put to work on the floor and was unknown to him, arguments that the general rule that the master must use ordinary care to provide his servant with a reasonably safe place in which to

work is relaxed where the conditions are constantly changing, as in the construction of a building, are based on distinctions which have nothing to do with the substantial merits of the case.

Citations to Headnotes: Headnote 1: Courts, 15 C. J. sec. 511. Headnote 2: Trial, 38 Cyc. p. 1916. Headnote 3: Courts, 15 C. J. sec. 511. Headnote 4: Courts, 15 C. J. sec. 511. Headnote 5: Master and Servant, 39 C. J. sec. 470.

*Certiorari.*

WRIT QUASHED.

*John D. Wendorff* for relator.

(1)  Where general allegations of negligence are followed by specific allegations of negligence, the plaintiff is limited to and must recover, if at all, on the specific facts alleged. Zasemowich v. Am. Mfg. Co., 213 S. W. 802; McManamee v. Mo. Pac. Ry. Co., 135 Mo. 440; Thompson v. Livery Co., 214 Mo. 487; Degonia v. Ry. Co., 224 Mo. 589. (2)  The negligence charged must be the proximate cause of the injury. Warner v. Ry. Co., 178 Mo. 125; Van Bibber v. Swift & Co., 286 Mo. 317; Forrester v. Fire Clay Products Co., 231 S. W. 668; State ex rel. Coal & Coke Co. v. Ellison, 270 Mo. 564. (3)  There is an exception to the general rule that the master must use ordinary care to provide his servant a reasonably safe place to work, to the effect that where the situation and conditions of the work are continually changing, as in the construction of a building, the master will not be liable for not at all times providing his servant with a reasonably safe place in which to work. Bradley v. Ry. Co., 138 Mo. 293; Bradley v. Forbes Tea & Coffee Co., 213 Mo. 320.

*Hogsett & Boyle* for respondents.

(1)  The opinion is supported by decisions of this court defining the difference between general and specific allegations. Grimm v. Printing Co., 232 S. W. 678;

Pointer v. Const. Co., 269 Mo. 115; McGrath v. Transit Co., 197 Mo. 100; Roscoe v. St. Ry. Co., 202 Mo. 583; Orcutt v. Century Bldg. Co., 201 Mo. 435; Thompson v. Livery Co., 214 Mo. 487. (2) The opinion is not in conflict with decisions of this court holding that plaintiff must prove that the specific acts of negligence alleged were the proximate cause of his injury. Warner v. Ry. Co., 178 Mo. 125; Van Bibber v. Swift & Co., 286 Mo. 317. The opinion properly held that the question of proximate cause was one for the jury. Jaquith v. Plumb, 254 S. W. 91; Harper v. Bridge Terminal Co., 187 Mo. 575; Laughlin v. Railway, 275 Mo. 465. Relator's point is based upon oral testimony not appearing in the opinion, and to which this court will not refer. State ex rel. Raleigh Inv. Co. v. Allen, 294 Mo. 219; State ex rel. Life Ins. Co. v. Allen, 295 Mo. 307. (3) The case falls within the general rule requiring the master to use ordinary care to furnish a reasonably safe floor upon which the servant is to work. Jaquith v. Plumb, 254 S. W. 91. The "safe place" rule applies in the erection and demolition of buildings. Combs v. Rountree Const. Co., 205 Mo. 367.; Highfill v. City, 189 S. W. 801; Hayes v. Ice Co., 282 Mo. 454; Prapuolenis v. Goebel Const. Co., 279 Mo. 358; Boten v. Ice Co., 180 Mo. App. 96; Savage v. Building Co., 214 S. W. 290; Cooney v. Light Co., 186 Mo. App. 156. The plaintiff was not engaged in making an unsafe place safe, and the opinion expressly so finds; but even if he had been doing so, the relator would still have owed the duty of ordinary care. Fleming v. Mining Co., 194 Mo. App. 206; Winter v. Ry. Co., 185 S. W. 1172; Jarrell v. Coal Co., 154 Mo. App. 561; McDonald v. Const. Co., 196 Mo. App. 57.

WHITE, J.—Relator seeks by this proceeding to quash the record of the Kansas City Court of Appeals, affirming the judgment in the case of Sim Farley, Plaintiff, v. Otto J. Lehrack, Appellant. The facts are thus stated by the Court of Appeals:

"This is an action to recover damages for personal injuries alleged to have been sustained by plaintiff through negligence of defendant.

"Defendant, a contractor, was engaged in erecting an eight-story building in North Kansas City, Clay County, Missouri, to be used as a flouring mill. Plaintiff was employed by defendant as a laborer under the direction of a foreman named Toner. On the day of the accident, and a few minutes before the occurrence, on May 5, 1921, plaintiff was working on the fifth floor, when he was directed by Toner to proceed to the fourth floor and remove some trash by the use of a shovel and a wheel-barrow. The trash consisted of brick, shavings, pieces of board, tin and such articles as ordinarily accumulate in the course of building construction. The building in question was of reinforced concrete throughout, and plaintiff had been employed in and about the premises for a period of four or five weeks.

"The evidence shows that in constructing the floors numerous holes of varying shapes and sizes were left, extending through said floors, for the purpose of providing passages for parts of mill machinery such as belts, shafts, conveyors, etc. In addition to these there were about four other holes about twelve by fourteen inches extending through the fourth, fifth and sixth floors, substantially in the same relative position on each floor, designed for the insertion of timbers in providing spouts for conveying concrete used in constructing flour bins. When no longer required for such purpose these timbers and spouts were removed, and the holes left open until such time as they could be closed permanently. These holes were slightly larger at their upper than their lower dimensions and their edges were rough and uneven.

"On the morning of the day in question and for some time prior thereto plaintiff had been engaged in cleaning up rubbish on the fifth floor, when he was instructed by Toner, the foreman, to proceed to clean up the fourth floor. Plaintiff then went to the fourth floor

and set about his work there. The main building extends north and south, and the, fourth floor is divided into two rooms, of which the north room is the larger. At the southwest corner of the south room there was a chute through which plaintiff was instructed to dump the rubbish gathered up in the process of cleaning. Plaintiff's testimony. is that one of the holes into which the timbers previously had been placed was covered with a piece of scrap tin which was barely large enough to cover the opening; that the tin was rusty and somewhat covered with debris, thus rendering that particular hole invisible, as its surface resembled the general appearance of the floor. Plaintiff began work in the north room, filled the wheel-barrow with the first load and was pushing it along toward the dumping chute when, with his right foot, he stepped on the piece of tin which covered the hole above described, the tin gave way and plaintiff's foot and leg went down through the hole, resulting in the injuries of which he complains."

I. It seems that we cannot often enough say that a writ of *certiorari* to a Court of Appeals cannot perform the office of a writ of error. We entertain a proceeding of this kind, not for the purpose of discovering errors, but only for the purpose of maintaining uniformity in statements of the law as they appear in the written opinions. We quash an opinion of a court of appeals, only because it conflicts with a ruling of this court, and thereby impairs that uniformity. [State ex rel. v. Allen, 295 Mo. 1. c. 315; State ex rel. v. Reynolds, 290 Mo. 1. c. 371.] Any conflict between a decision of the Court of Appeals and decisions of this court must of necessity appear on the face of the opinion. There could be no apparent conflict unless it did so appear. For that reason our review of such cases should be limited to the opinion of the Court of Appeals. [State ex rel. Bush v. Sturgis, 281 Mo. 1. c. 601; State ex rel. United Railways v. Reynolds, 257 Mo. 1. c. 36.]

**Purpose of Writ: Conflicts.**

In the case last cited Court in Banc thus stated the principle: "Where that class of cases is brought before us for *certiorari* we will consider only the pleadings, evidence and facts as recited by the Court of Appeals whose judgment is sought to be quashed. It may be argued that should the judges of the Courts of Appeals fail to state the pleadings and facts correctly (a point upon which I personally have no fears) it might result in some individual case being decided incorrectly and not in harmony with our previous rulings; but that will not militate against the primary object sought by Section 6, Article 6, supra," (of the Constitution) "i. e., the uniformity of judicial construction on issues of law and equity in this State."

That expression was concurred in by all the court en banc. In later cases (such as State ex rel. Kansas City v. Ellison, 281 Mo. 667, l. c. 674) the

**Reference to Documents.** court en banc by a divided vote has held that "reference in the opinion to a written document in the case makes it as much a part of the opinion as if fully written out therein."

It is my individual view that the principle announced in the United Railways Company case and the Bush case, supra, will, of necessity finally have to be adhered to by this court. It is not at all necessary to go into documents referred to in the opinion in order to secure "uniformity of judicial construction." There is no conflict in the law as announced unless it appears on the face of the opinions published. When we say that any document referred to in the opinion is made a part of it, we are traveling in uncertain territory. What is meant by being "referred to" in the opinion? Is the petition, in a case under review, incorporated in the opinion when the latter merely states what kind of an action is brought, as when it states in a general way that the allegations state a cause of action for damages? If the opinion quotes a passage from the petition, does that incorporate in the opinion the balance of the petition, although there are no allegations that further explain or

amplify the part quoted? What sort of reference to a petition incorporates it? Very often the petition in a case is much longer than the opinion. When it is said that any document referred to in the opinion is incorporated, the compass of inclusion is extremely wide. It would cover all kinds of documentary evidence, sometimes very voluminous, and much more difficult to analyze than oral evidence, which is conceded not to be included in the opinion, although referred to. Why should there be a distinction between oral evidence and documentary evidence? When we assert the doctrine mentioned that all documents referred to should be included in the opinion we enter into a field which obliges us, in some respects, to treat the writ of *certiorari* as if it were a writ of error. Where a decision turns upon an instruction, which the petitioner for a writ of *certiorari* claims was wrongly construed by the Court of Appeals, and it is not fully set out in the opinion, it might be permissible to consider the instruction as it appears in the record, but beyond that we should not go. These observations are suggested by the range of the argument in this case, although it is not necessary to decide the matter in the determination of this case.

II. The opinion of the Kansas City Court of Appeals contains this statement in relation to the issues submitted: "Here the record shows the cause was tried and submitted upon three of the specific acts of negligence; alleging, to-wit: (1) permitting the hole to be inadequately covered, (2) directing plaintiff to work at and about the hole with defendant's knowledge (actual or constructive) of its dangerous condition, and (3) failure to warn plaintiff of the existence of the hole and the danger of stepping into it."

**Negligence: Specific Acts.**

The relator calls attention to the general principle that where general allegations of negligence are followed by specific allegations of negligence, the plaintiff must recover, if at all, upon the specific acts alleged, and as-

serts that the principle was violated in the submission of the case to the jury. He bases his argument upon the statement by the court, quoted above, of the three acts of negligence submitted. Relator does not claim on this point that a general allegation of negligence is insufficient to allow a submission of the matter to the jury unless objection is made beforehand, by a motion to make more specific, or by some other proper method. He merely claims that general allegations of negligence in this case are merged into and limited by specific acts of negligence, later alleged, so that the plaintiff in making out his case must be limited to those specific acts.

Much argument on both sides is devoted to the question of what is, and what is not, a general or a specific allegation of negligence. Respondent cites cases holding that statements similar in effect to those just quoted from the opinion are specific allegations. We find it unnecessary to go into that discussion. Whether such an allegation is general or specific is relative. It may be general compared with an averment more specific, or it may be specific compared with one more general.

When it is said that a general allegation is merged into a specific one, that merely means that the specific allegation limits the application of the general statement.

We know the issues above mentioned by the Court of Appeals were submitted to the jury in the trial court by instructions. Such instructions met the rule mentioned by the relator if they required finding of the specific acts of negligence alleged. No instruction is directly mentioned in the opinion nor in the brief of relator. Therefore we do not know what the instructions, submitting the cause to the jury, contained. We are asked to presume that the brief statement of the court, as to the three acts submitted, comprises all there was in the instructions. The Court of Appeals in saying that certain acts of negligence were submitted to the jury, makes that statement general and comprehensive, for the sake

of brevity and clearness. The court could not be more specific in describing the instructions, submitting those issues to the jury, without prolonging the opinion beyond the necessities of the case. In the absence of any showing to the contrary, we may assume that, in submitting those issues to the jury, the trial court submitted them as specifically as they are alleged in the petition. The allegations of negligence in the petition are set out in the opinion and these are enlarged somewhat by the relator in his quotation from the petition, but not sufficiently to alter their significance as specific allegations.

III. Appellant not only complains of failure to submit specific allegations, but also complains that the allegations of the petition were, not specific enough. For instance, he argues that the allegation of failure to protect the hole in the floor should have specified what acts were necessary to protect it, and in alleging failure to warn plaintiff of the hole the petition should have stated some act necessary to give warning.

Insufficient Allegations.

In answer to that it is enough to say that no such question was considered by the Court of Appeals. No objection that the petition did not state a cause of action appears, nor does any objection appear that it was not sufficiently specific.

IV. Relator makes the further point that the covering of the hole was not the proximate cause of the injury. He sets out evidence which he says is shown by the record upon this point. That, of course, we have no right to consider. The Court of Appeals in considering that matter says: "Plaintiff testified that he had no knowledge that the hole was there and there was no proof to the contrary, therefore he could not be held negligent for failure to look for the hole. The evidence shows that the floor upon which the plaintiff was working was strewn with

Proximate Cause.

many articles and that the hole in question constituted a hidden danger.''

Relator argues that because the plaintiff did not see the tin and did not know it was covering the hole, therefore the tin, the defective covering, was not the cause of his injury. This is a verbal refinement which is fully answered in the statement of the Court of Appeals just quoted. The tin was not observable because it was covered with rubbish. It was not as open to observation as the hole would have been if the tin had not been there.

In the matter of failure to warn the court says: ''This evidence was sufficient to support a finding that defendant's foreman should have known the hole was so insecurely covered that plaintiff might step in it and be injured. It is not disputed that the foreman failed to warn plaintiff of the existence of the hole and the danger of stepping into it. In the light of this evidence we cannot say plaintiff failed to make a case to go to the jury, and must hold the court committed no error in refusing to sustain the demurrer offered at the close of plaintiff's evidence.''

V. Relator mentions an exception to the general rule that the master must use ordinary care to provide his servant a reasonably safe place in which to work, that is, where the conditions are continually changing. Cases are cited where, in certain constructive work, the danger is caused by the very work which the servant is doing.

Safe Place.

The Court of Appeals makes this statement in regard to that argument: ''In the case at bar, the plaintiff was not employed to make safe an unsafe place. He was employed in clearing away rubbish preparatory to final completion of the floor, and was not directed to close the holes therein.''

So far as the work of the plaintiff was concerned it had nothing to do with changing the condition which caused his injury. In the course of time, in cleaning up the rubbish, he might have arrived at the hole, uncovered

it, and thus discovered it without injury. But this was a defect in the floor before he was put to work. It not only was not caused by his employment, but his employment had nothing to do with it. The entire argument of relator is based upon distinctions which have nothing to do with the substantial merits of the case.

We find no case, cited by relator or otherwise, with which any one of the above mentioned rulings of the Court of Appeals is in conflict.

Therefore the writ is quashed. All concur.