The Lampton Realty Company, Appellant, v. L. T. Hoyt, Respondent.—99 S. W. (2d) 145.

Kansas City Court of Appeals. December 7, 1936.

*John N. Davis* and *Nelson H. Davis* for appellant.

*Ira B. McLaughlin* and *Paul R. Byrum* for respondent.

SHAIN, P. J.—This is an action in two counts. The first count seeks to recover for unpaid interest on a note given in a real estate deal which deal was evidenced by a contract which constituted a bond for a deed. The second count seeks to recover for taxes on the land involved in the aforesaid contract out of which the giving of the note involved in the first count grew.

The note in controversy was originally signed and executed by Roy O. Allen and the contract, bond for deed, was signed and executed by plaintiff and said Allen. The contract provided for payment of the taxes, on the land involved, by said Allen. After the execution of the above note and contract, Roy O. Allen and L. T. Hoyt, defendant herein, made exchanges of property wherein Roy O. Allen conveyed to L. T. Hoyt all of his right, title and interest in the aforesaid contract. The conveyance was by assignment. No personal assumption of debt by Hoyt is shown in this instrument as to the matters involved in this suit.

The contract between plaintiff and Allen included a contract for sale of timber on land in question. In the contract between Allen and the defendant herein, Hoyt, Hoyt reserved the right of inspection as to timber before being bound. The contract between Allen and defendant was signed on August 8, 1931. Thereafter it appears that defendant made a trip to the location of the land in the State of Louisiana and thereafter executed as follows:

"State of Mississippi, County of Pike.

"As the foregoing contract was assigned to me on the 8th day of August, 1931, I hereby assume the contract according to its terms and conditions.

"Witness my signature this the 23rd day of September A. D., 1931.

"(Signed) L. T. Hoyt,

"E. L. Powell.

"Witness: A. W. Crain.

"(Seal)."

It appears that plaintiff is a Mississippi corporation domiciled in the city of Magnolia of that State.

Plaintiff's suit is predicated upon the theory that the defendant agreed to pay the note and perform all duties and make all payments provided for in the contract between plaintiff and Allen.

Plaintiff's contention in the above respect is based upon correspondence between plaintiff and defendant and acts done by defendant.

On August 7th, the day after the aforesaid contract was executed, Mr. Hoyt sent a telegram to E. W. Reid, the president of the Lampton Realty Company, the appellant in error, and plaintiff below. The telegram was as follows:

"Kansas City, Mo.                                    August 7, 1931
"E. W. Reid,
"West Beach,
"Biloxi, Miss.

"Am negotiating with Allen for Tilden Plantation Stop Will you please wire me collect if assignment of his contract with you to me will be satisfactory to you Stop Also please advise minimum amount which will probably be realized in your opinion for your share of timber contract with Elliott.

"(Seal)                          Signed      L. T. Hoyt."

To this telegram, was sent the following reply.

(WESTERN UNION TELEGRAM)

"August 7, 1931
"Mr. L. T. Hoyt
"Kansas City, Mo.

"Retel. It will be satisfactory for Allen to transfer his contract to you Stop Allen and I have estimated his commission on stumpage should be sufficient to pay for his contract with us. Market conditions to be considered.

"(Signed) E. W. Reid."

There is nothing shown in the record herein to the effect that the Lampton Realty Company, or its president, had, previous to the telegraph communication, any knowledge of the negotiations and transactions between Mr. Allen and Mr. Hoyt; or that any official of the Lampton Company either knew or knew of Mr. Hoyt.

After the above telegraph communication, Hoyt telegraphed Mr. Reid, on August 11, 1931, that he had closed the deal with Allen and asked for statement for interest due. Thereafter, further communications, concerning interest due, passed and Hoyt remitted his check for $663.35, and payment of interest for the first six months on the Allen note was duly acknowledged.

The record discloses a letter from Mr. Reid to Mr. Hoyt as follows:

"August 25, 1931.

"Mr. L. T. Hoyt,
"2700 Troost Avenue,
"Kansas City, Mo.

"Dear Sir:

"In further reference to exchange of telegrams consenting to your assuming Mr. Roy O. Allen's contract for Tilden Plantation, beg to state we would like to have from you a written agreement that you had assumed the contract and would carry out the terms of same.

"Please subject this to us promptly, and oblige,

"Very truly yours,
"EWR:AC                                   (Seal)
                                          "President."

No answer to above.

The following letter is shown in the record:

"September 1, 1931.

"Mr. L. T. Hoyt,
"2700 Troost Avenue,
"Kansas City, Missouri
"Dear Sir:

"We are still without an answer to our letter of 25th requesting an acknowledgment from you that you have assumed Mr. Roy O. Allen's contract.

"Please give this your attention, and oblige,

"Very truly yours,
"(Seal)

"EWR:AC                                        Secretary."

In answer to the above, Hoyt sent the following letter.

"Kansas City, Mo.
"September 7, 1931.

"Mr. E. W. Reid, Pres.
"Magnolia, Miss.
"Dear Sir:

"Absence from home as prevented an earlier reply to your letter of Aug. 25th.

"I was in Louisiana last week and rather expected to see you on my return trip here but had to come back by train instead of by auto as originally intended and so was unable to have the pleasure of calling upon you.

"Replying to your letter—of course I intend to carry out the terms of the contract as imposed upon Allen. In fact, the contract would be of no benefit to me unless I did carry them out.

"If you wish a formal agreement of assumption of the contract and will prepare it and send it to me, I will sign and return it.

"I expect to go down and look after this property within a very short time and will try and see you at that time.

"Very truly yours,
"L. T. Hoyt."

It appears that, on the 23rd day of September, 1931, defendant made a trip to Magnolia, the home office of plaintiff, and after conference with Mr. Reid, the president of the plaintiff corporation, he executed the instrument assuming the contract, set forth above, and signed the note that is in issue, which note had been given by Allen on January 1, 1931.

The defendant's answer plead failure of consideration and further plead fraud and conspiracy upon the part of plaintiff in securing his acceptance of the contract and signature to the note and in a counterclaim asked damages in the sum $50,000 for actual and $50,000 for punitive damages.

Trial was by jury and resulted in a verdict for defendant on both counts of plaintiff's petition and for defendant in the sum of $1000 on his counterclaim.

Judgment was entered in accordance and plaintiff duly appealed.

### OPINION.

This case was once before submitted to this court and in an opinion, 80 S. W. (2d) 249, this court, concluding that the facts as gathered from the correspondence and evidence of written assumption of the contract under date of September 23, 1931, supra, and the signing of the Allen note at said time, was sufficient to bind defendant to the payment of the interest and taxes in issue and this court further found that the evidence did not support the counterclaim of defendant. Wherefore, this court reversed the judgment for defendant on both counts, and reversed judgment for defendant on his counterclaim and remanded the cause with direction that judgment be entered for plaintiff as to both counts and against defendant on his counterclaim.

This cause was transferred to the Supreme Court on *certiorari* and in an opinion by that court in State ex rel. Hoyt v. Shain et al., (93 S. W. (2d) 992), the opinion of this court (80 S. W. (2d) 249), was quashed in part and cause remanded to this court.

The opinion of the Supreme Court declares that the evidence in the case at bar is not sufficient to justify the conclusion that defendant by express agreement assumed personal liability for the obligation imposed upon Allen by the note and contract executed by and between Allen and the plaintiff. The Supreme Court held that the conclusions of this court, in regard to defendant assuming personal obligation is in conflict with State ex rel. v. Trimble, 308 Mo. 597, 274 S. W. (2d) 416, and that insofar as that part of the opinion is concerned the opinion is quashed.

As to this court's conclusions on defendant's counterclaim, we understand that our opinion, 80 S. W. (2d) 249, is not disturbed.

Very complete statements of this case are found set out in 80 S. W. (2d) and 93 S. W. (2d), *supra*, and we have confined the statement herein to the particular point of assumption of personal liability.

Based upon the law as declared in 93 S. W. (2d), supra, the judgment in favor of defendant on counts one and two of plaintiff's petition is affirmed.

As to defendant's counterclaim, we stand on our conclusions as stated in 80 S. W. (2d) *supra*, and as to judgment for $1000 for defendant on the counterclaim same is reversed and cause remanded with direction that judgment on said counterclaim be entered for plaintiff. All concur.