UNITED STATES *ex rel.* HARSHMAN *v.* BROWN, County Treasurer,
(two cases.)

*(Circuit Court, E. D. Missouri, E. D.* February 28, 1890.)

1. COUNTY WARRANTS—LIMITATION OF ACTION—PLEADING STATUTE.
    Under Rev. St. Mo. 1889, § 3195, providing that county warrants not presented within 5 years, or being presented, within that time, and protested for want of funds, and not presented again within 5 years after funds shall have been set apart for payment thereof, shall be barred, an information showing that warrants were duly issued and presented within that time, and that they have not since been paid, is good on demurrer, though more than 5 years have elapsed since their presentation, as the appropriation of money for their payment, and non-presentation within 5 years thereafter, should be shown by plea.

2. SAME—MANDAMUS TO COMPEL PAYMENT.
    On application for a writ of *mandamus* to compel the payment of county warrants, an information showing that the relator has valid warrants against the general funds of the county, and that the treasurer holds funds which appear to be applicable to their payment, is sufficient to require the treasurer to show cause why such funds should not be so applied.

In Equity. On application for writ of *mandamus.*

The controversy in this case arises in the following manner: On the 15th of March, 1879, the county court of Knox county, Mo., caused two warrants to be drawn on the county treasurer, in favor of the relator, for the sum of $3,258.15 and $6,764.44, respectively. These warrants were issued in obedience to peremptory writs of *mandamus,* obtained in this court, commanding said county court to cause such warrants to be drawn on the general funds of the county, and to be delivered to the relator, in payment of judgments that he had theretofore obtained in this court on certain county bonds. Warrants were directed to be thus drawn on the county treasurer in lieu of a tax levy being ordered, for the reason that the bonds in question had been issued under a statute, which did not authorize a special tax levy to pay the same in excess of 1-20 of 1 per cent. annually, as is more fully explained in the case of *U. S.* v. *County of Clark,* 96 U. S. 211, and in *County Court* v. *U. S.,* 109 U. S. 229, 3 Sup. Ct. Rep. 131. The information in this proceeding shows that the warrants so drawn were presented to the county treasurer for payment on the 18th day of March, 1879, and that payment was refused for want of funds with which to pay them, and that no part thereof has since been paid. On the 26th day of December, 1889, there was paid to Joel Brown, the present treasurer of Knox county, the sum of $2,128 in satisfaction of a judgment which the county had theretofore obtained against the sureties on the bond of·a former county clerk for a violation of his official duties. The damages assessed in such suit, and for which judgment was rendered, appear to have been the amount of certain fees earned by the county clerk, for which he had failed to account as required by law. After the payment of such judgment, the relator herein presented the aforesaid warrants, and demanded of the county treasurer the sum of $2,128 in part satisfaction thereof. The demand was refused, whereupon the relator applied for and obtained a rule upon the county treasurer to show cause why he should not be

compelled to apply the sum of $2,128, realized as aforesaid, towards the liquidation of the relator's warrants. The treasurer has filed a motion, termed a "motion to set aside the order or rule to show cause," alleging as a reason therefor (1) that the warrants are barred by the statute of limitations of this state; and (2) that the relator does not show any lawful claim to the fund in question, or to any part of the same.

*Thos. K. Skinker*, for relator,

*James Carr*, for respondent.

THAYER, J., (*after stating the facts as above.*) The motion that has been filed by the respondent is, in effect, a demurrer to the information, and will be so treated.

1. The court is of the opinion that the point made that the warrants mentioned in the information are barred by limitation is untenable, and should be overruled. Conceding, for the purposes of this decision, that advantage may be taken of the statute of limitation by demurrer, or motion in the nature of a demurrer, and conceding, further, that the statute may be invoked as a defense to this proceeding, precisely as if it was a suit against the county on the warrants, which it clearly is not, still, on the showing made by the information, the court cannot say that the warrants are barred. Section 3195, Rev. St. Mo. 1889, in relation to county warrants, provides that "whenever any such warrant, being delivered, shall not be presented to the county treasurer for payment within five years after the date thereof, or, being presented within that time, and protested for want of funds to pay it, shall not be again presented for payment within five years after funds shall have been set apart for the payment thereof, such warrant shall be barred," etc. In the case of *Logan v. County Court*, 63 Mo. 341, decided by the supreme court of the state in 1876, a doubt was expressed whether the general statute of limitations of 10 years, under then existing laws, would run against a county warrant until there was money in the treasury to pay it. Subsequently, in 1877 and 1879, the legislature passed the laws from which section 3195 is compiled. *Vide* Sess. Laws Mo. 1877, p. 202, and section 5398, 2 Rev. St. Mo. 1879. The section above cited must therefore be regarded as the law prescribing the limitation applicable to county warrants; and it is manifest from that section that, if a warrant is presented for payment within the five years after it is issued, and is not paid for lack of funds, but is duly registered by the county treasurer as required by section 3193, Rev. St. Mo. 1889, the statute of limitation will not begin to run against such a warrant until such time thereafter as funds have been set apart for its payment, and the bar of the statute will not be complete until the expiration of five years. In the present case, it appears that the warrants were presented and registered, but were not paid, for want of funds, on March 18, 1879, and that they have not since been paid. If the county of Knox, more than five years before the filing of the present information, set apart funds to pay the warrants in question, and they were not presented for five years thereafter, and are therefore barred, that is a matter to be brought to the attention of

the court by a proper plea. The information does not show conclusively that the warrants are barred; and the statute of limitations cannot be invoked by demurrer except in those cases where the statute creates an absolute bar by mere lapse of time, without any exceptions or qualifications, and it conclusively appears from the face of the pleading that the bar is complete. *Bank* v. *Winslow*, 30 Fed. Rep. 488, and cases cited.

2. With respect to the other point urged, namely, that relator does not show any lawful claim to the fund, it is sufficient to say that the decision in *U. S.* v. *County of Clark*, 96 U. S. 211, settles, so far as this court is concerned, that the relator is entitled to warrants against the general funds of the county, to discharge the judgment which he holds, and that he is not bound to rely solely on a fund created by a special tax levy of 1-20 of 1 per cent. annually. The supreme court of the United States, in *County Court* v. *U. S.*, 109 U. S. 229, 3 Sup. Ct. Rep. 131, has likewise affirmed the order directing the issuance of the warrants involved in this very proceeding. It is useless, therefore, to contend here, that the general funds of the county are not applicable, under any circumstances, to the payment of the relator's judgment and warrants. The information shows a fund in the respondent's hands that appears to be available for the payment of the warrants. Nothing to the contrary is shown by the information. It may be, however, that the fund in question cannot lawfully be used for that purpose, and that respondent is justified in refusing to so appropriate it. I can conceive of circumstances that would, no doubt, justify the respondent's alleged refusal to comply with the demand made upon him. It may be that other outstanding warrants are entitled to priority of payment. But, if reasons exist why the respondent is not entitled to the fund, such reasons are peculiarly within the knowledge of the respondent, and it would seem that he ought to disclose them in response to the rule to show cause. The relator, in my opinion, is not bound, as a condition precedent to obtaining such a rule, to ascertain every conceivable state of facts that would in law justify the respondent in refusing to comply with the demand made upon him, and to deny or negative the existence of every such state of facts by proper averments in the information. That would be imposing a burden on the relator which the rules of pleading in civil proceedings evidently do not impose. I conclude, therefore, that the information discloses such a *prima facie* right to the fund in controversy as will justify the court in compelling the respondent to answer the citation, and show cause why he withholds the fund. The motion to vacate the order to show cause is overruled, and 10 days' additional time is allowed the respondent to answer the citation.