## MORTON v. KNOX COUNTY.

(Circuit Court, E. D. Missouri, N. D. December 7, 1894.)

1. COUNTY WARRANTS—LIMITATION.

Rev. St. Mo. 1889, § 3195, providing that county warrants not presented for payment within five years of their date, or being presented within that time, and protested for want of funds, and not presented again within five years after funds are set apart for payment thereof, shall be barred, prescribes a special limitation for actions on such warrants, within section 6791, providing that the limitation of 10 years, prescribed by section 6774 for action on any writing for the payment of money, shall not extend to any action which shall be otherwise limited by special statute.

2. SAME—ACKNOWLEDGMENT OF DEBT.

The indorsement by a county treasurer on a county warrant of a refusal to pay for want of funds, as prescribed by Rev. St. Mo. § 3193, is an acknowledgment of the debt, within section 6793, providing that a written acknowledgment of a debt shall take it out of the operation of the statute of limitations.

This was an action by William H. Morton against Knox county upon a county warrant for the payment of $4,497.41. The defendant, in its answer, set up the general statute of limitations. Plaintiff demurs to the answer.

W. C. Hollister and F. L. Schofield, for plaintiff.
Chas. D. Stewart, for defendant.

PRIEST, District Judge. This is an action upon a county warrant of Knox county for the sum of $4,497.41, issued on the 9th day of August, 1879, by order of the county court of said county, directed to the treasurer of that county, ordering him to pay to the plaintiff, or bearer, the sum above mentioned out of money in the treasury belonging to the M. & M. R. R. fund, and is duly signed by the president of the county court, and attested by the clerk of the county. This warrant was issued in payment of two separate judgments obtained by the plaintiff in the circuit court of Knox county for the aggregate sum of $4,497.41, upon coupons attached to bonds subscribed by the county in aid of the M. & M. Railroad, and payable out of the special and limited fund authorized to be collected for that purpose. This warrant was presented to the treasurer of the county on the 12th day of August for payment, and was, in form authorized by statute (Rev. St. 1889, § 3193), protested for want of funds. Annually thereafter the warrant was presented, and like action taken by the treasurer, the last protest for want of funds being made October 12, 1894, just prior to the institution of this suit. The answer admits these several protests or refusals of payment by the treasurer of the county for want of funds, and pleads that

the action upon the warrant is barred by the statute of limitations of 10 years (Rev. St. 1889, § 6774); and again, that the warrant had not been presented for payment within 5 years after money had come into the hands of the county treasurer for the purpose of paying said warrants. These two pleas are challenged by a demurrer, and we will deal with them on the demurrer in the order in which they have been stated.

The statutes of Missouri prescribing the general period of limitations of personal actions (Rev. St. 1889, § 6774), provide that all actions upon any writing for the payment of money shall be commenced within 10 years. This statute recognizes, because of its generality, that there were and would be special acts of limitation more closely related to special subjects than to limitations, and hence provides (section 6791) that it shall not extend to any action which shall be otherwise limited by such statute. The complainant contends that section 3195, Rev. St. 1889, is such special statute, and as such affords the only limitation which can be enforced as against county warrants. Section 3195 is as follows:

"Whenever any warrant drawn on any county treasurer shall have remained in the possession of the county clerk for five years unclaimed or not called for by the person in whose favor it shall have been drawn, or his or her legal representative, the county court shall, by proper order enter of record, annul and cancel the same; and whenever any such warrant, being delivered, shall not be presented to the county treasurer for payment within five years after the date thereof, or being presented within that time and protested for want of funds to pay it, shall not be again presented for payment within five years after funds shall have been set apart for the payment thereof, such warrant shall be barred and shall not be paid; nor shall it be received in payment of any taxes or other dues."

On the part of the county it is contended that the section thus quoted is in the nature of a regulation for the government of the officers of the county rather than as a limitation to an action predicated upon county warrants; that there is neither a natural nor necessary repugnance between this statute and the general statute affecting limitations of actions; and that, therefore, section 3195 cannot, by implication, effect a repeal of the general statute. We are unable to give our sanction to this contention. The rules which control repeals by implication are not appropriate to the interpretation of this statute, but we should rather inquire whether it was the intention of the legislature to add a special limitation to a peculiar character of obligations. Indeed, we think, even if we were to disregard the express language of section 3195, and look alone to the legislation which formulated that section into its present terms, we should be constrained to hold that its purpose was to fix a special limitation to these warrants which are obligations sui generis. Prior to 1877, county courts, after auditing claims against the county, were empowered to issue warrants therefor, drawn upon the treasurer, signed by the president, and attested by the clerk. In 1877 the legislature passed an act (Sess. Acts 1877, p. 202) authorizing county courts, upon proper notice, to cancel all warrants in the hands of the county clerk which had not been called for by the payees within five years after they had been issued. The necessity

of this legislation is not apparent upon its face. It no doubt had its origin in much inconvenience occasioned by the neglect of parties to call for warrants allowed them upon demands against the county, for its provisions are directed against the rights of such parties, and confer an authority upon the county court, upon proper notice, to annul the warrants on account of such neglect to call for them. This section is in no wise a regulation of the ministerial duties of any county officer. In 1879, a further addition was made to the same idea, and it was incorporated in section 5398, Rev. St. 1879, in the form in which it now stands in Revised Statutes 1889. The addition made in 1879 was to the effect that:

"After the delivery of the warrant, if it shall not be presented to the county treasurer for payment within five years after its date, or being presented within that time and protested for want of funds to pay it, shall not be again presented for payment within five years after funds shall have been set apart for the payment of it, it shall then be barred and shall not be paid, nor shall it be received in payment of any taxes or other dues."

This was a still further limitation upon the right of the holder of the warrant to exact its payment. It was a limitation upon his right, and not a direction in any manner to the officers of the county, except that it prohibited the acceptance of the warrant in payment of taxes or dues to the county. The occasion for the amendments of 1879 ingrafted upon the original idea of 1877, finds its justification in an opinion of the supreme court of Missouri,—Logan v. Barton Co. Court (1876) 63 Mo. 349,—wherein the supreme court expressed a doubt whether the general statute of limitations would begin to run against a county warrant until funds had been provided for its payment in the hands of the treasurer; and wherein it further held, conceding that statute would apply even though no funds were set apart, yet the collector and treasurer, being authorized to receive such warrants in payment of state dues, being the agents of the county, might waive the operation of the statute of limitation. It was to meet the difficulties suggested by this decision that the amendment we have before referred to was doubtless formulated. Section 3195 thus fixes a definite and just period, conditioned upon the necessities, frequently arising, in which county funds are found for a limitation of the life of county warrants, and withdraws the power of the collector or treasurer to waive this limitation. When warrants should be presented for payment, and the treasury be barren of money with which to make the payment, it would be a manifest injustice, the debt in no wise being disputed, to require the owner of the warrant, in order to maintain its life, to bring suit against the county, and thus not only perplex him, and dishonor the credit of the county, but also to involve it in needless expense and litigation. Upon the other hand, if there were money in the treasury with which to pay the warrant, five years is thought to be ample time within which the creditor ought to be allowed to present his warrant and procure its payment. If this construction does not prevail, then there is an entire want of mutuality in the operation of the 10-year statute of limitation. If the owner of the warrant should not call for it until the expiration of 4 years after it had been author-

ized by the county court and in the hands of its clerk, and were to allow it to run for 5 years thereafter without presentation to the county treasurer, he would be barred by the very language of this section, and could not plead, as the only period of limitation of action, the general statute of 10 years. This want of reciprocal operation would be so manifestly unjust as to require us to search for some invincible reason apparent upon the face of the statute before we could give it judicial sanction. It would be unjust to say that it does not operate as a limitation when the county is sued, but does when it may be invoked to defeat the holder of the warrant. To that extent it is beyond doubt a substitution of a different period of limitation. But why indulge in this sort of argument when the statute upon its face, in unequivocal terms, affixes the limitation which it names as a bar to the warrant? The language of the statute is, "such warrant shall be barred and shall not be paid." What does this mean, unless it is a legal bar to the maintenance of an action upon it? It will not do to say that this language is a limitation upon the authority of an officer to receive it in payment of county taxes, for this phrase is followed immediately by an independent clause, in disjunctive form, prohibiting its receipt in payment of any taxes or other dues. We must give force, according to the usual canon of construction, to every phrase of a statute, if it be at all sensible or practical to do so. Nor are we authorized, in interpreting a statute, to say that phrases following each other are simply cumulative of the same thought, where their literal signification expresses different meanings and different ideas. It is true, section 3195 is lodged under an article entitled "County Treasurers and County Warrants," but it comprehends many other subjects than those which, for the purpose of collation, are supposed to be more appropriately arranged under that title. Among other things, that article provides for the authority of the county court to audit claims against the county, settlements with collectors, duty of the county court in relation to sixteenth sections of land, and so a variety of subjects are embraced. Limitations, except of a general character, are not usually found in the general provision relating to that title. They may be expressed in many different forms, and may be as a condition, or an elemental part of a new right or remedy, or even in imposing and defining the duties of public officers in the administration of official business. This precise question was before this court in the case of U. S. v. Brown, 41 Fed. 481, and my distinguished predecessor, Judge Thayer, there held that section 3195, and not section 6774, was the limitation that applied to county warrants.

But there is another reason why this defense cannot avail upon the petition and the admitted facts in the answer. This warrant was annually presented, from the time it was issued, to the county treasurer for payment. On each occasion its payment was refused solely for the want of funds, and such refusal stamped or written upon the back of the warrant. The general statute of limitations (section 6793) contains a provision in effect that a written acknowledgment of a debt shall take it out of the operation of the statute of limita-

tions. The indorsement made by the county treasurer upon this warrant is one he is authorized to make by the statute, and is, in effect, an acknowledgment in writing of the debt. The statute above quoted does not require a promise to pay, in addition to the acknowledgment, in order that the running of the statute may be checked; a simple acknowledgment of the obligation in any writing is sufficient for that purpose. In Logan v. Barton Co. Court, supra, the supreme court held that the treasurer and collector of the county were authorized to waive the running of the statute of limitation. That power is not withdrawn, but limited to a given period, by section 3195; hence the acknowledgment of the debt, having been made in a form authorized by law, by a person empowered by statute to make it, will take the warrant without the operation of the statute of limitation. This rule is abundantly sustained. Chidsey v. Powell, 91 Mo. 622, 4 S. W. 446. With respect to the plea of five years' limitation predicated upon the provisions of section 3195, it is sufficient to say that there is no allegation in the answer sufficient to meet the provisos contained in that section. The demurrer to the fourth and sixth defenses will be sustained.