THE STATE EX REL. W. W. NOE v. ARGUS COX ET AL., Judges of Springfield Court of Appeals.—19 S. W. (2d) 695.

Division One, July 30, 1929.

*Spradling & Dalton* for relator.

522

*Harry C. Blanton* for respondents.

SEDDON, C.—This is an original proceeding in certiorari, commenced in this court, in which the relator seeks the quashal of the opinion and judgment of the Springfield Court of Appeals rendered in a certain cause entitled, ''John F. Schroll, Receiver for the Farmers State Bank & Trust Company, respondent, v. W. W. Noe, appellant,'' lately ruled by said Court of Appeals upon an appeal taken from a judgment entered against the appellant in said cause (relator herein), W. W. Noe, in the Circuit Court of Scott County, Missouri. Upon the application of relator, this court issued our writ of certiorari, pursuant to which writ the respondents certified the record of said Court of Appeals in said appealed cause to this court for our review, and this certiorari proceeding was submitted to this division of our court, resulting in an opinion (to which one of the judges of this Division dissented) directing that the record of said Court of Appeals in the said appealed cause be quashed. Thereafter, the respondents, by motion timely filed herein, applied for a rehearing of this certiorari proceeding, which rehearing was granted, and the proceeding has been resubmitted and reassigned to the writer hereof to express the opinion of this court.

The respondents, in their opinion rendered in the appealed cause, thus state the applicable facts and the legal question which was before said Court of Appeals for decision: "The original petition in this case was in two counts and declared upon two promissory notes. Defendant, W. W. Noe, filed an answer, which contained, among other things, an allegation that a judgment had been obtained in the State of Illinois by this same plaintiff against this defendant and Addie B. Noe upon these same notes, and that said judgment was still valid and binding, and pleaded the same as a bar to this action. Upon the filing of this answer, the plaintiff amended his petition by adding a count on the judgment on each note, and alleging that he did not know whether he was entitled to recover on the notes or on the judgments rendered in Illinois upon these notes, but alleged that he was entitled to recover on one or the other. The defendant then moved to strike out the entire amended petition on the ground that the cause of action had been changed. This was overruled, and defendant then refused to plead further. The court heard plaintiff's evidence, and rendered judgment finding for plaintiff on all the counts, and rendered judgment for the full amount alleged on all of them, to-wit, $2,000, but to be satisfied by the payment of $1,000. The sum of $1,000 appears to be the amount actually due upon the debt represented by the notes. The only question here is whether a party can amend a petition which declares upon a promissory note by adding a count declaring upon a judgment rendered upon the same note, and plead in the alternative, and ask recovery upon one or the other."

Following the statement of the applicable facts, the opinion of respondents then states the legal conclusions reached by the said Court of Appeals in the appealed cause, as follows:

"Our statutes permitting amendments and the decisions of our courts construing them are very liberal. The question of permitting amendments generally is one that lies largely in the discretion of the trial court, and his action in permitting an amendment will not be disturbed unless it appears that he has abused that discretion. This principle, however, does not permit a party to substitute an entirely different cause of action under the guise of an amendment, but where the recovery sought is based upon a debt and only one recovery is asked, we see no reason why a party cannot plead in the alternative, and allege that the debt has been reduced to one of two forms, and ask recovery upon the debt in the form in which the evidence shall show it to have been reduced. The debt in this case was evidenced by two promissory notes. If these notes had been reduced to judgment, that fact did not change the debt. It remained the same, and the plaintiff was entitled to satisfaction thereof. If a former suit

had been filed and an invalid judgment rendered on these notes, the recovery in this case should be upon the notes. If the judgment were valid, the recovery should be upon the judgment. Technically speaking, a valid judgment upon a note merges the cause of action which existed upon the note into the judgment, and recovery must then be had upon the judgment and not upon the note. This, however, does not extinguish the debt evidenced by the note, but only changes the form of action for recovery.

"Our statute (Sec. 1254, R. S. 1919) authorizes pleading in the alternative, and had plaintiff filed the amended petition as his original petition when he began the suit, we should have no hesitancy in holding that he was warranted in doing so, under our statute authorizing alternative pleading. We have found no case in this State passing upon the question whether, after a petition is filed declaring upon a note, that petition can be amended by adding a count upon a judgment obtained upon the same note, and plead in the alternative and ask judgment upon one or the other, but we see no reason why it might not be done. . . .

"This case may be viewed from another angle. The motion to strike out the amended petition was leveled at the entire petition. The amended petition retained counts that were exactly the same as in the original petition and the amendment added other counts. In that situation the entire amended petition could not be striken out, but if vulnerable to a motion to strike at all, only the added counts could be stricken. The trial court therefore committed no error in overruling the motion to strike, even if it should be held that part of it could have been stricken out if properly attacked. That, then, leaves the parties in this condition—the court had jurisdiction of the subject-matter and of the parties, and hence had jurisdiction to render judgment if the amended petition was sufficient to sustain a judgment. Our conclusion is that it was sufficient, and the only remaining question is whether the judgment rendered was the proper one to render.

"We do not think the court should have rendered the judgment both on the notes and on the Illinois judgment. True, the defendant was saved from substantial injury by a provision that the judgment should be satisfied by payment of the amount due as shown by the notes, and we think that with no defense being made, the proper course would have been to have disregarded all evidence as to the Illinois judgment and to have rendered judgment for the amount shown to be due by the notes. Possibly the court could have rendered judgment upon the Illinois judgment, but, to have done so would have made the judgment larger than if rendered for the amount due upon the notes, and hence the judgment upon the notes will be

less burdensome to defendant than one rendered upon the Illinois judgment.

"The judgment will be reversed and the cause remanded, with directions to ascertain by computation the amount due upon the notes and enter judgment thereon for plaintiff for that amount."

This being an original proceeding in certiorari in this court under Section 8 of the amendment of 1884 to Article VI of the Constitution of Missouri, which provides that "the Supreme Court shall have superintending control over the Courts of Appeals by . . . certiorari," the single question which this court may determine in such proceeding is whether the rulings and decision of the respondent judges of the Springfield Court of Appeals, under review herein, clearly contravene the last previous and controlling decision of this court which announces some general principle of law upon the subject, or which has been ruled upon the same, or a similar, state of facts. [State ex rel. v. Reynolds, 287 Mo. 169; State ex rel. v. Reynolds, 289 Mo. 506; State ex rel. v. Allen, 294 Mo. 214; State ex rel. v. Trimble, 250 S. W. 384.] Under the Constitution and laws of this State, each of the several Courts of Appeals is a court of last and final resort, when acting within its prescribed jurisdiction, and its rulings, decisions and judgments. whether they be right or wrong, are final and conclusive, when sought to be reviewed in this court by certiorari, except (only) in those cases wherein it clearly appears that a Court of Appeals has announced some general principle of law contrary to the last previous announcement by this court upon the subject, or, on a given state of facts, has announced and applied a conclusion of law or equity contrary to a conclusion announced and applied by this court upon the same, or a similar, state of facts. [State ex rel. v. Reynolds, 214 S. W. 121, 122; State ex rel. v. Allen, 256 S. W. 1049, 1052; State ex rel. v. Allen, 267 S. W. 843, 844; State ex rel. v. Daues, 288 S. W. 14, 15; State ex rel. v. Trimble, 290 S. W. 115, 117.] Unless the decision and rulings of respondents under review herein clearly conflict, in the aforementioned respects, with some previous and controlling decision of this court, this court has no right or authority to interfere with, or to supervise, the findings of fact and conclusions of law announced by the respondent Court of Appeals, for such Court of Appeals was acting within the limits of its prescribed jurisdiction as a court of last resort, and, absent a conflict with controlling rulings of this court upon the subject, its rulings and judgment in the cause under review are final and conclusive.

The question before the respondent Court of Appeals for decision in the cause under review is thus stated in respondents' opinion:

"The only question here is whether a party can *amend* a petition which declares upon a promissory note by *adding a count* declaring upon a judgment rendered upon the same note, and *plead in the alternative, and ask recovery upon one or the other.*" [Italics our own.] In ruling such question, the respondents cite the statute (Sec. 1254, R. S. 1919), authorizing pleading in the alternative, in support of their ruling. The respondents furthermore say in their opinion: "We have found no case in this State passing upon the question whether, after a petition is filed declaring upon a note, that petition can be amended by adding a count upon a judgment obtained upon the same note, and plead in the alternative and ask judgment upon one or the other, but we see no reason why it might not be done." Thus, the opinion of the Court of Appeals under review herein discloses that respondents reached and announced the conclusion of law that it is permissible, under our Code of Civil Procedure, and especially in view of the statute, supra, authorizing pleading in the alternative, for the pleader to *amend* his original petition, which declared upon two promissory notes, by *adding* (to his original petition) other and additional counts declaring upon a judgment rendered (in a foreign state) upon each of said promissory notes, and alleging in such amended petition (as provided by the statute, supra) that the pleader does not know whether he is entitled to recover upon the notes, or upon the foreign judgment rendered upon such notes, but alleging that he is entitled to recover upon the one or the other.

Relator contends that the respondents, in reaching such conclusion of law, and in applying such legal conclusion to the facts as stated in respondents' opinion under review herein, has contravened the last previous rulings of this court upon the subject, as announced in the following decisions of this court: Liese v. Meyer, 143 Mo. 547; Heman v. Glann, 129 Mo. 325; Ross v. Land Co., 162 Mo. 317; and Scoville v. Glasner, 79 Mo. 449. The ruling and principle of law announced by this court in the foregoing decisions (cited and relied upon by relator) is to the effect that our Code of Civil Procedure "does not permit a party to *substitute* an entirely different cause of action in his amended petition for that originally declared upon in his first petition." In order to determine whether a later, or subsequent, petition is an amendment of the original petition, or whether it is a substitution of a new and different cause of action for the cause of action declared upon in the original petition, this court, in the afore-cited decisions, has laid down and prescribed two tests by which such determination may be made, as follows: *First,* whether the same evidence will support both petitions; and, *second,* whether the same measure of damages will apply to both (petitions). "If

these questions (or tests) are answerable in the affirmative, it is an amendment; if (answerable in) the negative, it is a substitution.'' [Liese v. Meyer, 143 Mo. l. c. 555, 556.] In each of the cited decisions of this court, however, it appears that both the original petition and the subsequent petition were cast by the pleader in a single count, and purported to state, and to declare upon, but a single cause of action; and in none of the cited cases did the later or subsequent petition plead any facts or causes of action in the alternative, or in separate counts. In the instant proceeding, it appears from the recitals of respondents' opinion that the original petition was cast in two counts, each declaring upon a promissory note, and that the two counts declaring upon the promissory notes were *retained*, carried over and incorporated in the amended petition; that the two counts thus retained, carried over and incorporated in the amended petition were precisely the same as the two counts which constituted plaintiff's original petition; and that the amendment consisted in the *adding* of two other and additional counts, each declaring upon an Illinois judgment rendered upon the same promissory notes, the plaintiff pleading in the alternative that he did not know whether he was entitled to recover upon the promissory notes declared upon, or upon the foreign judgment rendered upon said promissory notes, but alleging that he is entitled to recover upon the one or the other. Thus, it appears from respondents' opinion that the amended petition under review does not *substitute* ''an entirely different cause of action for that originally declared upon in the first petition,'' but *retains* and carries over in the amended petition the same and identical causes of action originally declared upon in the first petition; in other words, there is no abandonment by the pleader, in his subsequent petition, of the causes of action originally declared upon in his first petition, for such causes of action are *retained* in the subsequent petition, and consequently there is no *substitution* of other and different causes of actions for those originally declared upon.

The opinion of respondents under review herein deals with an entirely different form and character of pleading than those pleadings reviewed and passed upon by this court in the decisions cited by relator. The respondent Court of Appeals deemed and ruled the amended petition to be proper and permissible under the statute (Sec. 1254, R. S. 1919) authorizing alternative pleading of causes of action. The relator has directed our attention to no decision or ruling of this court upon the same, or a similar, form and character of pleading, and after an exhaustive search we have been able to find no decision or ruling of this court upon the same, or a similar, form of pleading, although we find two decisions wherein this court has intimated that the statute, supra, authorizes a party to plead alter-

natively, in the form and manner as prescribed by the statute, several causes of action, although each may be inconsistent with the others. [See, Drolshagen v. Railroad Co., 186 Mo. 258, 262; Behen v. Transit Co., 186 Mo. 430, 440.] The respondents say in their opinion that they "have found no case in this State passing upon the question." So far as we have been able to find, the precise question ruled by the Court of Appeals herein appears to have been one of first impression in this State, and hence the respondent Court of Appeals, as a court of final and last resort, and acting within its prescribed jurisdiction, was not trammeled (by any controlling ruling or decision of this court) in its power and authority to conclusively rule the question and to declare the law upon the subject. We find no contrariety or conflict between the decision and ruling of the respondent Court of Appeals herein and any decision or ruling of this court upon the subject. None of the decisions of this court cited by relator (as a ground of conflict) was ruled upon a state of facts similar to the state of facts ruled by the respondents herein; nor does any decision of this court cited by relator pass upon the same or a similar form and character of pleading, or announce any general principle of law which is applicable to the precise question ruled by the respondents herein.

After having ruled and disposed of the question of pleading aforestated, the respondents then say in their opinion: "The only remaining question is whether the judgment entered (by the trial court) was the proper one to enter." Respondents then announce their conclusion upon such question, as follows: "We do not think the (trial) court should have rendered the judgment both on the notes and on the Illinois judgment. . . . The judgment will be reversed and the cause remanded, with directions to ascertain by computation the amount due upon the notes and enter judgment thereon for plaintiff for that amount." Relator claims that such part of respondents' opinion, directing the trial court to enter judgment for plaintiff upon the promissory notes, is in conflict with the rulings announced by this court in McKnight v. Taylor, 1 Mo. 282, and Crim v. Crim, 162 Mo. 544, which rulings are to the effect that a *valid* judgment upon a promissory note merges the cause of action which previously existed upon the note, and, after a *valid* judgment has been rendered upon the note, recovery must be had upon such judgment and not upon the note. The rule or principle of law announced by this court in the cited cases is recognized by respondents, for the opinion of respondents recites: "Technically speaking, a *valid* judgment upon a note merges the cause of action which existed upon the note into the judgment, and recovery must then be had upon the judgment and not upon the

note." But the opinion of respondents does not declare the *validity* of the Illinois judgment. In truth, the ultimate ruling and judgment of the respondent Court of Appeals, directing judgment to be entered for plaintiff upon the notes, seemingly indicates that the respondents reached the conclusion that the Illinois judgment is *invalid,* and therefore that such *invalid* judgment did not merge the cause of action upon the notes. Such is evident from the following recitals contained in respondents' opinion: "If a former suit had been filed and an *invalid* judgment rendered on these notes, the recovery in this case should be upon the notes. If the judgment were *valid,* the recovery should be upon the judgment." Inasmuch as respondents directed judgment to be entered for plaintiff upon the notes, rather than upon the Illinois judgment, it would seem to follow that respondents must have reached the conclusion that the Illinois judgment was *invalid,* and that there was no merger of the cause of action upon the notes. In announcing such conclusion, the ruling of the respondent Court of Appeals does not contravene, or conflict with, the rulings of this court announced in McKnight v. Taylor, and in Crim v. Crim, supra.

It is furthermore claimed by relator that the plaintiff in the cause under review is the holder of five promissory notes made and executed by the relator, but that the plaintiff has sued upon only two of such notes; wherefore it is urged by relator that the effect of respondents' opinion is to permit the plaintiff in the cause under review to split his entire claim or demand into several different suits or actions, and therefore that the opinion of respondents is in conflict with certain cited decisions of this court which announce the rule or principle of law that "a single cause of action cannot be split up so as to make different causes of action, where there is really but one." The cited decisions of this court, however, qualify the foregoing rule by announcing that the rule "does not prevent a plaintiff from suing for less than his entire demand, but if he does so he is precluded from maintaining another action for the remainder thereof." It does not appear from the opinion of respondents herein, however, that such question was presented in the Court of Appeals, and obviously no such question is considered or ruled upon the face of respondents' opinion. Nor does the opinion of respondents disclose the fact that the plaintiff therein is the holder and owner of other notes of defendant than the two notes sued upon. Consequently, such question cannot be reviewed by this court upon *certiorari.* [State ex rel. v. Trimble, 308 Mo. 597, 605; State ex rel. v. Allen, 254 S. W. 194, 197; State ex rel. v. Allen, 240 S. W. 117, 121.] In this character of proceeding, this court is concerned only with rulings actually made, either expressly or by

necessary implication, by the Court of Appeals. [State ex rel. v. Daues, 297 S. W. 951, 953.]

The opinion of the Court of Appeals does not conflict with, or contravene, any general principle of law announced by this court, nor does it conflict with any decision or ruling of this court upon the same, or a similar, state of facts. It follows that our writ of certiorari was improvidently issued and should be quashed. It is so ordered. *Lindsay* and *Ellison, CC.*, concur.

PER CURIAM:—The foregoing opinion by SEDDON, C., is adopted as the opinion of the court. All of the judges concur.