H. A. BALLARD V. STANDARD PRINTING COMPANY, a Corporation, Appellant, C. F. KELLY, DANIEL BUCKCORD, S. R. QUIGLEY, DOCIE MERRELL, D. M. DISINFECTION, SAM TRIGG, PETE VENABLE, FRANK PENROD, O. D. RANDEL, GLADYS NOBELS, E. F. BRADSHAW, B. F. TAYLOR, GEO. RIDEOUT, S. W. BROOKS, J. F. RYAN, B. M. LANGFORD, WM. McCOURT, SOL WALL, G. W. SEWELL, GIRMO MFG. CO., DR. WADDLE, LOUIS DALTON, E. T. FORD, J. V. JOHNSON, T. C. HOPPER, JAMES CASSEY, LUTHER SHAW, J. J. MOORE, J. P. JOHNSON, J. J. OLLAR, BUXTON AND SKINNER PRINTING & STATIONERY Co., a Corporation, BOYER FIRE APPARATUS COMPANY, a Corporation, EARL FEIS, HOWARD R. MANESS, and the COUNTY OF RIPLEY, MISSOURI.—No. 40146.—202 S. W. (2d) 780.

Division Two, May 12, 1947.

Rehearing Denied, June 9, 1947.

*Jackson F. Adams* for appellant.

*Howard R. Maness* for respondent.

BOHLING, C.—H. A. Ballard, as treasurer of the county of Ripley, State of Missouri, instituted this action for a declaratory

judgment in respect to his official obligation to pay certain warrants issued by said county and duly presented to, protested by, and certified as to the insufficiency of funds in the treasury for their payment by the then treasurer. (Secs. 13801 and 13833.[1]) The petition named Standard Printing Company, a corporation, the county of Ripley, and more than thirty other individuals and corporations as defendants. Some of the warrants were issued in 1925, others in 1926, 1927, 1928, and 1929. There had become available a short time prior to suit and well within the past five years $4,951.60 to apply on these defaulted warrants. The Standard Printing Company, holder of a number of the warrants, some having been assigned to it, had secured a judgment against the County on said warrants in the principal sum of $5,604.92 on November 22, 1929. They, or a material portion thereof, are the first warrants for payment. There had been no revival of or payment on the judgment of 1929. The court found that the judgment ▮▮▮ of the Standard Printing Company was presumed to have been paid and adjudged that plaintiff pay the warrants held by the other defendants in the order of their registration. The Standard Printing Company appealed. A sufficient reason for appellate jurisdiction here is that the County of Ripley is a party. Mo. Const. 1945, Art. V, Sec. 3.

In the above circumstances appellant contends Sec. 13835 applies and that appellant's warrants are payable if presented at any time within five years after the funds became available for their payment, appellant having said warrants on hand for presentation and payment.

Respondent contends that the warrants merged in the judgment of 1929 and, hence, the provisions of Sec. 13835 do not apply; and also that under Sec. 1038 the judgment stands paid and the claim on the warrants stands extinguished. The court, as stated, adopted the latter view.

Section 13835 provides that if warrants drawn on county treasurers, and presented for payment and protested for want of funds "shall not be again presented for payment within five years after funds shall have been set apart for the payment thereof, such warrant shall be barred and shall not be paid. . . ."

Section 1038 provides, in part: "Every judgment . . . of any court of record . . . of this . . . state . . . shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof . . . , and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever."

---

[1]References are to sections of the Missouri Revised Statutes for 1939 and Mo. R. S. Ann. for 1939, unless otherwise indicated.

■ Generally a cause of action merges in the judgment entered thereon and any further action must be upon the judgment. State ex rel. v. Cox, 323 Mo. 520, 529, 19 S. W. 2d 695, 699, citing cases; 34 C. J. 752, Secs. 1163 et seq.; 30 Am. Jur. 903, Sec. 150 et seq. A reason advanced is that the judgment affords a superior right and a security of a higher nature which covers and extinguishes the inferior debt. The rule has its limitations in the justice of given situations. "The doctrine of merger will not, however, be carried any further than the ends of justice require; the judgment does not annihilate the debt . . . and when the essential rights of the parties are influenced by the original contract, the court will look behind the judgment for the purpose of ascertaining what the original contract was." 34 C. J. 752, Secs. 1163, 1164; 50 C. J. S. Judgments, Secs. 599, 600. "The law of merger does not forbid all inquiry into the nature of the cause of action. If the prevailing party was entitled to certain privileges, or exemption from certain burdens, under his contract he may be entitled to the same privileges and exemptions under his judgment. Whenever justice requires it, the judgment will generally be construed not as a new debt but as an old debt in a new form." 2 Freeman, Judgments, 5th Ed., 1172, Sec. 550. See also Id., Sec. 551; 30 Am. Jur. 903, Secs. 150, 158 et seq.; Wood on Limitations, 4th Ed., pp. 101, 237.

■ United States ex rel. Morton v. King (1896), 74 Fed. 493, is in point. It was a proceeding in mandamus to enforce a payment on a county warrant issued for the amount of a judgment obtained in 1878 and presented, protested, and certified on August 12, 1879, as to a lack of funds for payment (as the warrants in the instant case). Considerable money was in the fund by 1894 but payment was refused on the ground the warrants were barred by the 10-year statute of limitation. Suit followed, resulting in a general judgment against the County on December 7, 1894; Morton v. Knox County, 65 Fed. 369. The county court ordered the payment of the moneys in the fund on the judgment and further payments as multiples of $100 accumulated. After making certain payments, the county treasurer refused to pay $1,160 on the grounds, among others, that said judgment of 1894 merged all liability on the warrant and destroyed the incident of preference in payment and, as the county treasurer could pay only upon warrants, relator could not be paid since his warrant had merged in his judgment. In overruling the contentions, the court said in
■ part: "The doctrine of merger, as applicable to this case, relates to the obligation or debt itself, and does not affect the remedial incident with which the law has clothed the debt. . . . The judgment on the warrant involved in this case ought, therefore, to carry with it the remedy inherent in the warrant itself and, in my opinion, this dictate of common honesty is supported by abundant authority." Two cases involving Missouri county obligations supporting the ruling

are among the cases cited: United States ex rel. Harshman v. Knox County, 122 U. S. 306, 319, 7 Sup. Ct. 1171, 1176, 30 L. Ed. 1152; Ralls County v. United States, 105 U. S. 733, 26 L. Ed. 1220.

It has been observed in respect to judgments on county warrants that: ". . . a judgment founded on a county warrant gives no preference over the warrant as to payment." Sturdivant Bank v. Stoddard County, 332 Mo. 568, 573, 58 S. W. 2d 702, 704. And: ". . . the status of any judgment obtained against the county on these warrants drawn on the county revenue fund would be subject to the same limitations and restrictions as to payment as the warrants themselves and could not be enforced against the deposit now in question belonging to other funds." Douglas County v. Bank of Ava, 333 Mo. 1195, 1200, 65 S. W. 2d 104, 106.

Thus, a county warrant is not merged into the judgment thereon so as to deprive the judgment creditor of, rights incident to the warrant.

█ It has been more than ten years since the original rendition of appellant's judgment and there has been no revival thereof or payment thereon and respondent says it stands "conclusively paid" under Sec. 1038, supra. The principal function of the section is the statement of a rule of evidence, although found among the statutes relating to limitations. Cobb v. Houston, 117 Mo. App. 645, 654(2), 94 S. W. 299, 301(2). Prior to Laws 1895, p. 221, a "written acknowledgment of indebtedness" would also rebut the presumption of payment. Sec. 6796, R. S. 1889; Chiles v. School Dist. of Buckner, 103 Mo. App. 240, 77 S. W. 82.

Section 13835 governs the limitation period for the payment of county warrants; that is, the holder of a county warrant is not to be barred of his action thereon if he follows the requirements of said statute, "until after there shall have been money in the treasury set apart for its payment." Wilson v. Knox County (Banc, 1896), 132 Mo. 387, 397, 34 S. W. 45, 47, 477[2]. And: ". . . time is not to be computed against the holder of warrants of this character until after funds have been provided and in the hands of the treasurer with which to pay the same." State ex rel. Frazer v. Holt County, 135 Mo. 533, 548, 37 S. W. 521, 525, following Wilson v. Knox County.

---

[2] An opinion in Wilson v. Knox County, 28 S. W. 896, holding the general (10-year) statute of limitations runs against a county warrant from the time of delivery though there are no funds in the treasury to pay it, was handed down by Division One of the Court on December 22, 1894. A motion for rehearing was granted and later the cause was transferred to court en Banc on the Court's own motion. The opinion of court en Banc in Wilson v. Knox County, 132 Mo. 387, 34 S. W. 47, 477, followed on February 5, 1896, and supplanted the opinion of December 22, 1894, as the law of the case. Consult also United States ex rel. Harshman v. Brown (1890), 41 Fed. 481, 482(1); Morton v. Knox County (1894), 65 Fed. 369, 372; Knox County v. Morton (1895), 68 Fed. 787; Annotation, 56 A. L. R. 830, 834.

A statute of limitation differs from Sec. 1038 in that the former generally operates to bar the remedy without extinguishing the right or destroying the obligation. Stock v. Schloman, 322 Mo. 1209, 1217, 18 S. W. 2d 428, 432[6]. Respondent proceeds on the theory that the County's obligation to pay arose out of a transaction; that the county warrant merely evidenced this obligation; that the judgment was the highest evidence of said obligation; and that the payment of either, the original transaction, the warrant or the judgment, would obliterate the others; that is, the payment of the judgment by operation of law extinguished the original debt and the warrant. The fault with respondent's position here is that the same reasoning underlying the nonapplicability of the general statute of limitations to county warrants precludes the application of Sec. 1038. Section 1038 is a part of Art. 9 of Ch. 6, R. S. Mo. 1939. Section 1033 of said article and chapter provides: "The provisions of articles 8 and 9 of this chapter shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute." The application of the word "provisions" of Sec. 1033 to Sec. 1038 causes the "provisions" of Sec. 1038 relating to rules of evidence as well as the "provisions" relating to limitations to be inoperative under the instant record. See Wilson v. Knox County, supra.

"At common law, where twenty years have elapsed since the rendition of a judgment, without any process on it, or any acknowledgment of it or attempt to enforce it, there is a presumption of law that is has been paid." 49 C. J. S. 1028, Sec. 559a, (b), aa; 48 C. J. 690, Sec. 198 et seq.; 31 Am. Jur. 344, Sec. 845; 40 Am. Jur. 875, Sec. 243 et seq.; Williams v. Mitchell, 112 Mo. 300, 311(IV), 20 S. W. 647, 649(4); Annotation, 1 A. L. R. 779.

With the presumption of payment out of the case and the record establishing the nonpayment of appellant's warrants, it follows that the judgment should be reversed and the cause remanded with directions to enter judgment for the payment of all warrants involved in the order of their registration. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.