Jerome V. HUGHES, Appellant,

v.

Janet DAVIDSON–HUES, Respondent.

No. WD 71940.

Missouri Court of Appeals,
Western District.

Nov. 23, 2010.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 1, 2011.

Jill C. Jackoboice, Kansas City, MO, for Appellant.

Kay Madden, Kansas City, MO, for Respondent.

Before Division II: JAMES EDWARD WELSH, Presiding Judge, and MARK D. PFEIFFER and KAREN KING MITCHELL, Judges.

KAREN KING MITCHELL, Judge.

This is a contract case involving the separation agreement of former spouses. The issue is whether the parties' rights under the separation agreement were extinguished by virtue of the court's incorporation of the agreement's terms into its judgment, despite a clause in the separation agreement that provided that the parties' contractual rights would survive if the terms were found unenforceable after being incorporated into the judgment. We hold that the survival clause was enforceable and that it applied to the facts of this case. Therefore, we reverse.

**Facts and Procedural Background[1]**

In conjunction with a dissolution action, Appellant Jerome Hughes and Respondent Janet Davidson–Hues entered into a separation agreement in which they agreed to divide their property between them. At issue here is certain real property located in St. Leonard, Maryland ("Maryland property").[2] With respect to the Maryland property, the separation agreement states:

> The parties acknowledge that the real property . . . is the non-marital property of [Davidson–Hues] and she owns said property with her father. . . . All right, title and interest shall be vested in [Davidson–Hues] and [Hughes] is divested of all of his right, title and interest in said property. . . . Should this property

be sold during [Hughes's] life, [Hughes] will receive 1/14th of the gross proceeds.

("Maryland property clause"). The other relevant portions of the separation agreement are as follows: "This Marital Settlement and Separation Agreement shall be set forth in the Decree of Dissolution"; "If any provision of this agreement is found unenforceable should it be incorporated in the Decree of Dissolution, it shall be considered severable and enforceable as a contract" ("survival clause").

On January 12, 1993, the Circuit Court of Jackson County entered a judgment ("judgment") that incorporated the terms of the settlement agreement, including the Maryland property clause and the survival clause. Ten years lapsed, and neither party revived the judgment.

On December 28, 2006, Davidson–Hues sold the Maryland property while Hughes was still living. She did not pay Hughes 1/14th of the gross proceeds, and Hughes filed a petition in the circuit court, asserting breach of contract. Hughes's petition did not attempt to enforce the Maryland property clause as a judgment.

Davidson–Hues filed a motion for summary judgment, arguing that Hughes had no enforceable rights under the separation agreement (hereafter "the contract") because the contract had merged into the judgment, and the judgment was no longer enforceable because Hughes had not revived it within ten years. The circuit court agreed; accordingly, it granted Davidson–Hues's motion for summary judgment. This appeal follows.

---

1. When the trial court grants summary judgment, we review the facts in the light most favorable to the party against whom summary judgment was entered. *Derousse v. State Farm Mut. Auto. Ins. Co.*, 298 S.W.3d 891, 893–94 (Mo. banc 2009).

2. Even though the disputed property is located in Maryland, the parties' separation agreement states, and the parties apparently do not dispute, that Missouri law applies.

## Standard of Review

We review the circuit court's grant of summary judgment *de novo*. *Orla Holman Cemetery, Inc. v. Robert W. Plaster Trust*, 304 S.W.3d 112, 116 (Mo. banc 2010). *De novo* review means that we will consider the propriety of summary judgment under the same standard that applied to the circuit court when it considered the issue. *Sigafus v. St. Louis Post–Dispatch*, 109 S.W.3d 174, 176 (Mo.App. E.D.2003).

"Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion." *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We make all reasonable factual inferences in favor of the non-moving party. *Id.* The moving party is entitled to summary judgment provided that there is no dispute of material fact and the undisputed facts show that the moving party is entitled to judgment as a matter of law. *Id.* at 380. When, as here, the defending party has moved for summary judgment based on an affirmative defense, the moving party must show "that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense." *Id.* at 381.

## Legal Analysis

Davidson–Hues argues that the doctrine of merger, combined with the application of section 516.350.1 [3] to the facts of this case, bars Hughes's contract claim as a matter of law. We disagree.

### I. Section 516.350 bars enforcement of judgments, not contracts.

■ Section 516.350 provides as follows: "[e]very judgment ... shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived ... then after ten years from and after such revival." By its plain terms, this statute governs when *judgments* may be enforced.

Hughes has not attempted to enforce any judgment, so section 516.350 does not apply here. *Boatmen's Trust Co. v. Long*, 16 S.W.3d 662, 666 (Mo.App. E.D.2000) (holding that section 516.350 did not apply to a petition seeking to enforce a separation agreement *as a contract*); *Tudor v. Tudor*, 617 S.W.2d 610, 613 (Mo.App. S.D. 1981) (same) (abrogated on other grounds, as stated in *Cox v. Ripley Cnty.*, —— S.W.3d ——, ——–—— (Mo.App. S.D. 2010)).

The only issue is whether Hughes has a *contractual* right to enforce the Maryland property clause, or whether the court's 1993 judgment subsumed the contract entirely, leaving Hughes with *only* the right to enforce the judgment.

### II. Merger

■ "Generally a cause of action merges in the judgment entered thereon and any further action must be upon the judgment." *Ballard v. Standard Printing Co.*, 356 Mo. 552, 202 S.W.2d 780, 782 (1947).

When a claim on a contract is reduced to judgment, the contract between the parties is voluntarily surrendered and canceled by merger in the judgment and ceases to exist.... [A]lthough in some circumstances, *where the original obligation provides for special rights or ex-*

---

**3.** Statutory citations are to RSMo 2000, as updated through the 2009 cumulative supplement.

*emptions, these may be preserved and recognized despite merger.*

46 AM.JUR. 2d *Judgments* § 459 (2006) (emphasis added).

Hughes concedes that, but for the survival clause, his right to recover under the contract would have been merged into and extinguished by the judgment.[4] Thus, the issue we must next decide is: can parties specifically agree that their contractual rights will survive incorporation into a judgment?

Hughes argues that section 452.325.4(1) answers this question. It does not. That section provides, among other things, that parties may provide that certain terms of their separation agreement are *not* to be incorporated into the judgment. But that is not the issue here, for all of the relevant terms *were* incorporated into the judgment. Nevertheless, the parties clearly intended that their contractual rights should survive in the event that those rights were found to be unenforceable after incorporation into the judgment: "[i]f any provision of this agreement is found

unenforceable should it be incorporated in the Decree of Dissolution, it shall be considered severable and enforceable as a contract." The issues are: (1) whether the survival clause is effective; and (2) whether it has been triggered.

## III. The survival clause is enforceable.

■■■ The general rule in Missouri is that parties have the freedom to contract as they choose. *Sanger v. Yellow Cab Co.,* 486 S.W.2d 477, 482 (Mo. banc 1972). There are exceptions to that rule, but Davidson–Hues has not established any of them as a matter of law.[5]

■■■ Moreover, there is no public policy against allowing parties to agree that their property settlement rights[6] will survive in the event that a judgment incorporating the contract's terms becomes unenforceable. *See* UNIF. MARRIAGE AND DIVORCE ACT § 306(e), 9A Part I U.L.A. 249 (1998) (evidencing that survival of contractual rights is the approach *recom-*

---

**4.** By accepting Hughes's concession, we do not mean to imply that this is a settled issue. *Cf. Bolton v. Bolton,* 950 S.W.2d 268, 270–71 (Mo.App. E.D.1997) ("[Section 452.325] recognize[s] separation agreements as enforceable contracts. These agreements, once incorporated into a court's dissolution decree, can *also* be enforced by the courts, just like any judicial judgment.") (emphasis added); *with Bryson v. Bryson,* 624 S.W.2d 92, 96 (Mo.App. E.D.1981) ("The payment of maintenance cannot be enforced as a contract *because* the maintenance provision was a part of the decree.") (emphasis added). However, given that we rule that the survival clause is enforceable, the issue of whether Hughes's contractual rights would have survived incorporation *in the absence* of the survival clause is an issue that we need not decide.

**5.** As noted, on appeal, Davidson–Hues relies exclusively on section 516.350, which is a statute that applies to judgments, not contracts.

**6.** We note that this case does not involve a term within the separation agreement that was omitted from the trial court's judgment. In such a case, the omitted term would necessarily have been deemed unconscionable by the trial court. § 452.325.2 ("[T]he terms of the separation agreement, except terms providing for the custody, support, and visitation of children, are binding upon the court unless it finds ... that the separation agreement is unconscionable."). Obviously, parties will not be permitted to enforce terms that a court has ruled unconscionable. *See, e.g., McMullin v. McMullin,* 926 S.W.2d 108, 111 (Mo. App. E.D.1996).

We note also that this case does not involve child support, child visitation, or child custody provisions, which are always modifiable by the court, section 452.325.6, nor does it involve maintenance provisions, which are modifiable by the court unless the court provides in the judgment that they are non-modifiable. § 452.335.3.

*mended* by the National Conference of Commissioners on Uniform State Laws). The doctrine of merger, assuming it would otherwise apply, is not so unyielding as to withstand the parties' clear intention to retain their contractual rights to property notwithstanding any unenforceability that would result from merger into the judgment. *See Ballard,* 202 S.W.2d at 782 (holding that the doctrine of merger is not absolute and that the court should look behind the judgment to the underlying contract to determine if the parties should be entitled to any "exemption from certain burdens"); *see also Caine & Weiner v. Barker,* 42 Wash.App. 835, 713 P.2d 1133, 1135 (1986) (noting that the purpose of merger is to promote justice and that the parties could agree to limit the doctrine's effect in some cases). By comparison, the statute of limitations generally extinguishes contractual rights at a certain date, but parties can agree to waive application of the statute. *See, e.g., Bridges v. Stephens,* 132 Mo. 524, 34 S.W. 555, 560 (1896) ("It cannot be, then, that it is against public policy to keep alive stale demands, provided it is done in writing.").

Since there is no public policy against having the property settlement terms of a separation agreement survive the agreement's incorporation into a divorce decree, and since Davidson–Hues has neither pled nor proved any other basis for invalidating such a clause, the survival clause in this case was enforceable.

## IV. The survival clause was triggered.

### A. The judgment was "found" unenforceable.

■ Davidson–Hues argues that summary judgment was properly granted because no court ever "found" the agreement to be unenforceable as a judgment, and

thus the survival clause does not apply to this case. We disagree.

Davidson–Hues pled and Hughes conceded that the judgment is, in fact, unenforceable. Moreover, the trial court below found that section 516.350 barred enforcement of the Maryland property clause as a judgment. Thus, the trial court "found," and Davidson–Hues and Hughes conceded, the Maryland clause is unenforceable as a judgment. Accordingly, to the extent the survival clause could not be triggered until the Maryland property clause was "found" unenforceable as a judgment, that condition was satisfied by the parties' concessions and the trial court's finding below.

### B. "Unenforceable" vs. "Not Enforced"

■ Davidson–Hues argues further that we should affirm the trial court's grant of summary judgment because the Maryland property clause was not "unenforceable"; rather, it was "not enforced" by Hughes. We disagree.

Davidson–Hues's argument seems to be that, since the Maryland property clause was enforceable *at one time,* it is not "unenforceable" as contemplated by the survival clause, even though it admittedly *became* unenforceable by virtue of Hughes's failure to revive the judgment.

We reject the argument for two reasons. First, the survival clause does not speak to the mechanism by which the judgment became unenforceable—it requires only that the provisions be incorporated into the judgment and then found to be unenforceable, and both conditions are satisfied here. Second, Davidson–Hues's reading of the survival clause would render it meaningless—for if the terms of the contract were *always* unenforceable, there would be no purpose in having them survive incorporation. That is, as inherently unen-

forceable terms, they could not be enforced *via* a breach of contract action, so it would be pointless for them to survive as contract rights.

### 1. Hughes's failure to revive the judgment does not preclude application of the survival clause.

 We must give contract language its plain and ordinary meaning, *Exec. Bd. of Mo. Baptist Convention v. Windermere Baptist Conference Ctr.*, 280 S.W.3d 678, 687 (Mo.App. W.D.2009), and we will not create a contractual right or limitation for the parties. *Skaggs v. Dial*, 861 S.W.2d 188, 192 (Mo.App. W.D.1993).

Davidson–Hues argues that, due to Hughes's failure to revive the judgment, it is his fault that the Maryland property clause became unenforceable as a judgment and that therefore the survival clause should not apply. We disagree.

The survival clause does not speak to the *mechanism* by which the judgment became unenforceable, and we cannot add such a limitation to the survival clause without creating contractual rights for the parties.[7] *Id.* Instead, we are bound to apply the plain terms of the survival clause, *Windermere Baptist*, 280 S.W.3d at 687, which provide that the terms shall be enforceable as contract terms (1) "*if* any provision of this agreement is found unenforceable"; (2) "*should* it be incorporated in the [judgment]." As explained above, those two conditions were satisfied in this case. Therefore, the result contemplated by the survival clause—that the terms of contract are enforceable as contract terms—must also follow.

### 2. Davidson–Hues's reading of the survival clause would render it meaningless.

 We will not construe a contractual provision so as to render it meaningless; rather, we will favor an interpretation that gives each provision function and sense. *State ex rel. Riverside Pipeline Co., L.P. v. Pub. Serv. Comm'n*, 215 S.W.3d 76, 84 (Mo. banc 2007).

Under Davidson–Hues's reading of the survival clause, the clause would never give the parties the right to enforce a term as a contract, despite clearly intending that result. That is, if the Maryland property clause were *inherently* unenforceable—for example, if it violated public policy or was otherwise illegal or unconscionable—it could not be enforced as a contract in any case. There is no reason to have contract rights survive incorporation into a judgment if they are unenforceable as contract rights. Only when, as here, some procedural bar to enforcement of a judgment applied would there ever be a need for contract rights to survive incorporation. Accordingly, the only reasonable interpretation of the survival clause is that it contemplates terms that are inherently *enforceable* but which are somehow rendered unenforceable by virtue of a procedural bar to enforcing judgments. Indeed, while we do not foreclose the possibility of applications outside of the very one at issue here, it is difficult to imagine what those might be. Since we will give the survival clause function and meaning if possible, *see id.*, it follows that it applies here, for otherwise it would never apply.

### Conclusion

The trial court erred in granting summary judgment on the basis of section estoppel.

---

**7.** We note that Davidson–Hues has neither pled nor proved the affirmative defense of

516.350. That statute concerns the enforceability of judgments, and Hughes has not attempted to enforce any judgment. The parties specifically agreed that their contractual rights with respect to the Maryland property would survive if they were incorporated into the judgment and were then found unenforceable, and there is no public policy against enforcing such an agreement. We reject Davidson–Hues's argument that the survival clause was not triggered in this case. Therefore, we reverse and remand for proceedings consistent with this opinion.

JAMES EDWARD WELSH, Presiding Judge, and MARK D. PFEIFFER, Judge, concur.

