

# Missouri Court of Appeals
## Southern District

### In Division

STEPHANIE MAXINE STENGER, )
f/k/a Stephanie Stenger Montgomery, )
)
      Petitioner-Respondent, )
v. )    No. SD37849
)    Filed: January 25, 2024
MARTIN SCOTT MONTGOMERY, )
)
      Respondent-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF WEBSTER COUNTY

Honorable David C. Replogle, Associate Circuit Judge

**AFFIRMED**

Martin Montgomery (Husband) appeals from a judgment dismissing his underlying action against Stephanie Stenger (Wife). Husband initially filed a motion for contempt to compel Wife to perform an obligation under the parties' dissolution judgment entered in December 2010 (Dissolution Judgment), but that judgment was no longer enforceable because it was not revived within 10 years as required by § 516.350.1.[1] Husband then filed a two-count petition alleging breach of contract and unjust enrichment. In response, Wife

---

[1] All statutory references are to RSMo (2016). With respect to judgments, § 516.350 specifies a ten-year statute of limitations, providing, in pertinent part, that: "after the expiration of *ten years* from the date of the original rendition or revival … such judgment shall be *conclusively presumed to be paid*, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever." § 516.350.1 (emphasis added).

filed a motion to dismiss the petition for failure to state a claim upon which relief can be granted. That motion argued: (1) the claim for breach of contract is foreclosed by the law of "merger by judgment"; and (2) the claim for unjust enrichment rests on Wife's obligation under the Dissolution Judgment, and that obligation is "conclusively presumed to be paid" pursuant to § 516.350. The trial court agreed with Wife and sustained her motion to dismiss Husband's petition with prejudice.

On appeal, Husband presents two points for decision. Husband contends the trial court erred in dismissing his claim for: (1) breach of contract, "because the [court's] interpretation of the survival clause rendered that provision meaningless"; and (2) unjust enrichment, because that "claim was not barred by either the merger doctrine or the presumption of payment established by [§ 516.350.]" Finding no merit in either of these points, we affirm.[2]

## Standard of Review

When a trial court sustains a motion to dismiss for failure to state a claim, this Court reviews the trial court's ruling *de novo*. *Forester v. May*, 671 S.W.3d 383, 386 (Mo. banc 2023). When considering whether a petition states a claim upon which relief can be granted, we review the petition "to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted" in the case. *Nazeri v. Missouri Valley*

---

[2] Husband presents an additional point that argues "the survival clause is ambiguous[,]" but that argument was never presented to the trial court. "Even in a court-tried case, where a post-trial motion is not necessary to preserve an otherwise properly raised issue for appellate review, the appellant must make some effort to bring the alleged error to the trial court's attention." *McMahan v. MO Dept. of Soc. Servs.*, 980 S.W.2d 120, 126 (Mo. App. 1998); *Brackney v. Walker*, 629 S.W.3d 834, 842 (Mo. App. 2021); *see also Schultz v. Bank of America Merrill Lynch Credit Corp.*, 645 S.W.3d 689, 697 n.4 (Mo. App. 2022). Here, Husband asks us to convict the trial court of an error on an issue that it was never asked to decide. We decline to do so. Because we do not reach this point, which is designated as Husband's second point, we refer to his third point concerning unjust enrichment as Point 2.

*College*, 860 S.W.2d 303, 306 (Mo. banc 1993); ***Bosch v. St. Louis Healthcare Network***, 41 S.W.3d 462, 464 (Mo. banc 2001). In so doing, this Court "must accept all properly pleaded facts as true, giving the pleadings their broadest intendment, and construe all allegations favorably to the pleader." ***Bromwell v. Nixon***, 361 S.W.3d 393, 398 (Mo. banc 2012); ***R.M.A. by Appleberry v. Blue Springs R-IV Sch. Dist.***, 568 S.W.3d 420, 424 (Mo. banc 2019); ***Forester***, 671 S.W.3d at 386.

### Factual and Procedural Background

Prior to the parties' marriage dissolution, Husband and Wife reached a "Property Settlement and Separation Agreement" (Agreement) concerning, *inter alia*, their residence (Residence). Sections of the Agreement relevant to the Residence and related issues are as follows.

Section 3.1 specified that the Residence was subject to both a first and second mortgage that Wife and Husband agreed to refinance in their names, respectively, and once sold, the parties agreed to split the proceeds in excess of a certain amount. This section provides, in relevant part:

> [Wife] and [Husband] are owners of [the Residence].
>
> [This Residence] is currently subject to a note secured by a first deed of trust in favor of Bank of America in the amount of $474,693.15. The [Residence] is also subject to a second mortgage in favor of Liberty Bank in the amount of $90,643.25.
>
> [Wife] agrees to refinance the first mortgage in her own name and to assume the payments for the first mortgage.
>
> [Husband] agrees to refinance the second mortgage in his own name and assume the payments for the second mortgage. If and when the [Residence] is sold, then the parties agree that they will split any proceeds from the sale in excess of $580,761.69 equally up to the sum of $800,000.00. Any proceeds from the sale in excess of $800,000.00 shall belong to [Wife]. All decisions regarding the sale of the [Residence] shall be made by [Wife].

3

Section 7.2 of the Agreement includes a clause recognizing that if certain provisions are deemed invalid or ineffective, "the remaining provisions shall survive" (hereinafter referred to as the survival clause):

> Should any provisions of this Agreement be deemed to be invalid or ineffective in accordance with law, the remaining provisions shall survive and operate as the complete agreement between the parties.

As requested by the parties, the Agreement was expressly incorporated in, and attached to, the Dissolution Judgment. That judgment was entered December 21, 2010.

In July 2019, Wife sold the Residence for $900,000. Wife did not split the proceeds as provided in the Dissolution Judgment. Husband did not seek to enforce the judgment at that time. Neither party revived the Dissolution Judgment pursuant to § 516.350.1 prior to its ten-year expiration in December 2020.

In June 2022, Husband filed a motion for contempt against Wife "for her willful failure and refusal to follow the [Dissolution Judgment.]" According to Husband, Wife owed Husband $109,619.15 from the sale of the Residence as provided under the Dissolution Judgment. The trial court entered a "Show Cause Order" directed to Wife to appear and show cause why she should not be held in contempt for refusing to comply with the Dissolution Judgment.

In July 2022, Wife filed her motion to set aside the show cause order and to dismiss Husband's motion for contempt with prejudice. Wife asserted that the Dissolution Judgment, by operation of § 516.350, "was conclusively deemed paid on December 21, 2020," and Husband's motion for contempt "cannot be brought or maintained" on the Dissolution Judgment "for any purpose whatsoever[.]" The trial court set aside the show cause order and granted Husband additional time to respond to Wife's motion to dismiss. The court also granted Husband leave to file an amended motion in contempt.

4

In August 2022, instead of filing an amended motion in contempt, Husband filed a "First Amended Petition" (Petition) alleging two counts. Count 1 alleged that Wife "breached" § 3.1 of the Agreement by failing to pay Husband his proceeds from the sale of the Residence. Count 2 alleged, *inter alia*, that Wife has been "unjustly enriched" by Husband's payment of the second mortgage and by her failure to pay Husband his share of equity in the Residence.

Wife then filed her motion to dismiss the Petition with prejudice. In addition to arguing the claims in the Petition were barred by operation of § 516.350, Wife argued: (1) Husband's claim for breach of contract is "foreclosed by the law of merger by judgment" because the Agreement and all claims thereunder merged into the Dissolution Judgment; and (2) Husband's claim for unjust enrichment "fails as a matter of law" because it necessarily rests on the proposition that Wife did not pay what was required by the Dissolution Judgment, and § 516.350.1 provides that her obligations are "conclusively presumed to be paid."

In response, Husband acknowledged that he "failed to renew" the Dissolution Judgment but argued that his claims could nevertheless be maintained. According to Husband: (1) the survival clause of § 7.2 of the Agreement "allows enforcement of contract terms, even when incorporated into a judgment which had not been revived"; and (2) his unjust-enrichment claim could be maintained because Wife received an "unjust benefit" by failure to give Husband the money owed to him under the Agreement, such that his claim "is not to enforce the judgment[,]" but is "an equitable action [that is] not barred" by § 516.350.

Following a hearing and argument of counsel, the trial court entered a "Judgment of Dismissal" sustaining Wife's motion to dismiss. The court determined that the survival

clause did "not evidence a clear intention to bar application of the merger doctrine" and therefore, did not operate to allow enforcement of contract terms under the Agreement. The court concluded that Husband's claims set forth in the Petition "merged into the Dissolution Judgment and were thereby extinguished and thus not separately enforceable rights." This appeal followed. Additional facts will be included below as we address Husband's two points on appeal.

**Discussion and Decision**

Both Husband's points involve application of § 516.350 and the law of "merger by judgment." As an initial matter, § 516.350 provides, in pertinent part:

> **Every judgment**, order or decree of any court of record of the United States, or of this or any other state, territory or country, except for any judgment, order, or decree awarding child support or maintenance or dividing pension, retirement, life insurance, or other employee benefits in connection with a dissolution of marriage, legal separation or annulment which mandates the making of payments over a period of time or payments in the future, **shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof,** or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and **after the expiration of ten years from the date of the original rendition** or revival upon personal service, or from the date of the last payment, **such judgment shall be conclusively presumed to be paid**, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever.

§ 516.350.1 (bold emphasis added). The ten-year period of § 516.350 begins to run on a judgment at the time it is rendered, even where the judgment requires one party to make a future payment to the other in the event real property is sold at some unknown point in the future. *See **Pirtle v. Cook**,* 956 S.W.2d 235, 245 (Mo. banc 1997) ("ten year limitation period in section 516.350.1 begins to run upon the original rendition of a judgment"); ***Hedges v. McKittrick***, 153 S.W.2d 790, 793-94 (Mo. App. 1941) (rejecting argument that limitation

6

period should be tolled while the property remained unsold, because that was not specified as a statutory exception, and parties could have protected themselves by timely reviving the judgment); *see also Gillespie v. Gillespie*, 659 S.W.3d 607, 613 (Mo. App. 2022) (because wife "failed to revive the [dissolution judgment] or enter a payment on the record within ten years of its entry, the home profits provision within the [judgment] is conclusively presumed to be paid" pursuant to § 516.350.1, and "any suit thereon [is] barred").

As for "merger by judgment," that occurs when parties' rights and duties under an agreement merge into a judgment or decree. *See Sophian Plaza Ass'n v. City of Kansas City*, 584 S.W.3d 784, 786-87 (Mo. banc 2019). "The law of merger by judgment is one closely related to *res judicata*." *Id*. at 787. "The most common method by which it operates is when a claim on a contract is reduced to judgment." *Id*. (internal quotation marks and citation omitted); *see, e.g.*, *Ballard v. Standard Printing Co.*, 202 S.W.2d 780, 782 (Mo. 1947) ("[g]enerally a cause of action merges in the judgment entered thereon and any further action must be upon the judgment"). Merger by judgment may also occur, however, "at the election of the parties to the contract, so long as the parties intend the agreement to become decretal through its requested merger with the judgment." *Sophian Plaza Ass'n*, 584 S.W.3d at 787. When parties request that their agreement be incorporated into a judgment, they voluntarily surrender their future right to make a separate claim on the agreement itself. *Id*. at 788.

> Once parties turn to the courts to enforce their previously-entered agreement – be it through a judgment on a breach of contract claim, or, as here, a voluntary merger with a binding judicial decree in order to obtain the right to bring a contempt action upon the [a]greement's breach – a party cannot later seek to separately and independently enforce the contract while retaining a right to enforce the court's judgment through civil contempt proceedings.

7

*Id*. at 787 n.6. Thus, when a claim on a contract is reduced to judgment, the contract between the parties is voluntarily surrendered, canceled by merger in the judgment, and ceases to exist. *Id*. Here, the general effect of a merger of the Agreement into the Dissolution Judgment is that the Agreement does not exist separate and apart from the Dissolution Judgment. *See id*. Accordingly, an action on the Agreement is nothing more than an action on the Dissolution Judgment itself.

Point 1 maintains the survival clause bars application of the merger doctrine and allows relief. Husband argues that the trial court erred by failing to interpret the survival clause as creating separately enforceable contract rights under the Agreement. Point 2 argues that Husband's claim for unjust enrichment does not arise from the Agreement or the Dissolution Judgment, but instead arises solely from the parties' conduct. We address each point in turn.

*Point 1, Breach of Contract*

Husband's first point contends the trial court erred in interpreting the survival clause. Interpretation of a contract "is a question of law, which this Court also reviews *de novo*." ***Am. Fed'n of State, Cnty. & Mun. Employees v. State***, 653 S.W.3d 111, 127 (Mo. banc 2022). The cardinal rule in the interpretation of a contract is to ascertain the intention of the parties, and to give effect to that intention. *Id*. "The intent of the parties to a contract is expressed by the natural and ordinary meaning of the language referable to it." *Id*.; *see* ***J. E. Hathman, Inc. v. Sigma Alpha Epsilon Club***, 491 S.W.2d 261, 264 (Mo. banc 1973). The contract's terms are to be read as a whole. ***Trustees of Clayton Terr. Subdiv. v. 6 Clayton Terr., LLC***, 585 S.W.3d 269, 280 (Mo. banc 2019); *see* ***State ex rel. Knasel v. Brown***, 667 S.W.3d 150, 157 (Mo. App. 2023). The following facts are relevant to this point.

According to the terms of the Agreement, the parties agreed that the Agreement: (1) "be incorporated" into the Dissolution Judgment; (2) "be binding and conclusive on the parties"; and (3) operates as a "complete settlement" of their property rights. In keeping with these terms, the Dissolution Judgment specified that the "provisions of the [Agreement] are incorporated herein and made a part of the Judgment by reference as if fully set out herein."[3]

As recounted previously, the survival clause under § 7.2 provided:

> Should any provisions of this Agreement be deemed to be invalid or ineffective in accordance with law, the remaining provisions shall survive and operate as the complete agreement between the parties.

The trial court interpreted the clause to mean "that the invalidity or ineffectiveness of any provision of the incorporated [Agreement] would not invalidate or render ineffective its remaining provisions. In other words, the invalidity of a single provision would not render the entire [Agreement] invalid." The court went on to find that "[t]his language does not evidence a clear intention to bar application of the merger doctrine." As such, the court dismissed the Petition for failure to state actionable claims because Husband's claims "merged into the Dissolution Judgment and were thereby extinguished and thus not separately enforceable rights."

---

[3] Sections of the Agreement relevant to incorporation include § 1.1 that states: "[i]n the event the [trial court] sees fit to grant a Judgment and Decree of Dissolution of Marriage upon evidence presented, then *it is agreed that this [Agreement] shall be incorporated into said Judgment and Decree of Dissolution* by reference thereto and shall thereafter be binding and conclusive on the parties" (emphasis added). Section 7.1 similarly provides that: "[i]n the event the [trial court] shall make and enter its decree granting a Judgment and Decree of Dissolution from the bonds of matrimony between [Husband] and [Wife], then the provisions of this Agreement relating to the *property rights of the parties* shall at once take effect and *operate as a complete settlement of such rights*" (emphasis added). On appeal, Husband concedes the parties agreed that the Agreement "be incorporated" into their Dissolution Judgment and "thereafter bind them[.]"

Point 1 contends the trial court erred in dismissing Husband's petition for failure to state an actionable claim for breach of contract "because the [c]ourt's interpretation of the survival clause in the [Agreement] rendered that contractual provision meaningless[.]" According to Husband: (1) "all terms of the judgment became ineffective and unenforceable by operation of [§ 516.350] when the judgment was not revived within 10 years after its issuance"; (2) "the plain and ordinary meaning of the survival clause in that circumstance is that the obligations and rights agreed to by the parties would survive and remain enforceable in contract as the parties' 'complete agreement'"; and (3) "construing the survival clause otherwise would deprive it of any meaning." For reasons that follow, none of these arguments have merit.

Husband's initial argument is based on a faulty premise. He argues § 516.350 renders "*all* terms of the judgment … *ineffective* and unenforceable[,]" but that argument is incorrect for two reasons. First, § 516.350 does not operate on *all* terms of the Dissolution Judgment, but only on those terms concerning the underlying debt, and "conclusively" deems that debt "paid and satisfied[.]" *Id*. Further, the statute does not render all terms of the judgment *ineffective*. "A judgment is not enforceable after it is presumed to be paid under section 516.350 because the statute wipes out or cancels the debt itself and extinguishes the right of action." *Alamin v. Alamin*, 658 S.W.3d 94, 98-99 (Mo. App. 2022) (internal quotation marks and citations omitted). Thus, contrary to Husband's argument, the Dissolution Judgment became unenforceable after the statutory ten-year period not because it became "ineffective." Instead, the judgment continues to be effective – it is the debt provisions therein that are unenforceable because those provisions have been paid and satisfied as a matter of law. *See* § 516.350.1; *Alamin*, 658 S.W.3d at 98-99.

Similarly, Husband's next argument concerning the "plain and ordinary meaning of the survival clause in *that* circumstance" – of unenforceability pursuant to § 516.350 – also fails. Husband argues the survival clause expressed the parties' intention that *all* of their "obligations and rights" under the Agreement "would survive and remain enforceable in contract as the parties' 'complete agreement,'" even if one or more of those rights became unenforceable under the Dissolution Judgment. But that is not what the survival clause says. That clause specifies that the "remaining provisions" – those *not* "deemed invalid or ineffective" – "shall survive and operate as the complete agreement between the parties." The plain and ordinary meaning of these words indicates that those provisions "deemed invalid or ineffective in accordance with the law" would remain as such and would not invalidate or render ineffective the remaining provisions. As the trial court found, the parties intended that "the invalidity of a single provision would not render the entire [Agreement] invalid." The trial court's interpretation is consistent with the express and plain language of the survival clause. Husband's contrary interpretation, on the other hand, requires this Court to ignore the parties' expressed intent that *only* the "remaining provisions" survive. This we cannot do. *See, e.g.*, **McGuire v. Lindsay**, 496 S.W.3d 599, 608 (Mo. App. 2016) (rejecting interpretation that required the Court to "ignore the existing language" of the provision at issue); **Storey v. RGIS Inventory Specialists, LLC**, 466 S.W.3d 650, 655 (Mo. App. 2015) (it is "preferable to attribute a reasonable meaning to each clause and harmonize all provisions"). Thus, the court's reasonable construction of the survival clause does not render it meaningless as Husband contends.

Lastly, Husband's reliance on **Hughes v. Davison-Hues**, 330 S.W.3d 114 (Mo. App. 2010) is misplaced. **Hughes** is a case with substantially similar facts but a survival clause

11

worded very differently. *Id*. at 116.[4] Unlike the present case, the clause in ***Hughes*** provided that unenforceable provisions of the parties' separation agreement "be considered severable and enforceable as a contract":

> If any provision of this agreement is found unenforceable should it be incorporated in the Decree of Dissolution, it shall be considered severable and enforceable as a contract.

*Id*. After the husband there filed a petition asserting breach of contract, the trial court granted summary judgment in favor of wife, finding that the separation agreement merged into the judgment and was no longer enforceable, and husband appealed. *Id*. The western district of this Court recognized the general rule that when a claim on a contract is reduced to judgment, the contract between the parties is voluntarily surrendered, canceled by merger in the judgment and ceases to exist, but explained parties can "specifically agree that their contractual rights will survive incorporation into a judgment[.]" *Id*. at 117-18. Interpreting the clause there, the Court found that the parties "specifically agreed that their contractual rights … would survive if they were incorporated into the judgment and were then found to be unenforceable." *Id*. at 121.

Here, unlike ***Hughes***, the plain language of the survival clause does not expressly make any unenforceable provision of the Agreement "enforceable as a contract." The clause here was clearly designed to sever off and exclude from the Agreement any provisions "deemed to be invalid or ineffective" in order to save only "the remaining provisions[.]"

---

[4] In ***Hughes***, like this case: (1) the parties entered into a separation agreement, incorporated in the dissolution judgment, that similarly provided that husband receive a portion of the proceeds from the sale of the parties' home in the event it was sold by wife during his lifetime; (2) ten years lapsed without the judgment being revived; and (3) wife sold the home thirteen years after entry of the judgment and did not pay husband any portion of the proceeds. ***Hughes***, 330 S.W.3d at 116.

12

In sum, the trial court's interpretation of the survival clause as failing to "evidence a clear intention to bar application of the merger doctrine" was not error – it is the only reasonable interpretation of the plain language of that provision. As such, dismissal of Husband's claim for breach of contract was proper because the parties' Agreement merged with the Dissolution Judgment, such that the Agreement was voluntarily surrendered and canceled, and ceased to exist independent of that judgment. *See Sophian Plaza Ass'n*, 584 S.W.3d at 787 n.6. Further, because the debt at issue in the Dissolution Judgment is conclusively presumed to be paid pursuant to § 516.350, "any suit thereon [is] barred." *Gillespie*, 659 S.W.3d at 613. Accordingly, Point 1 is denied.

*Point 2, Unjust Enrichment*

Husband's second point contends the trial court erred in dismissing his Petition for failure to state an actionable claim for unjust enrichment. "The elements of unjust enrichment are: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation of such benefit; and (3) acceptance and retention of the benefit under circumstances that without payment would be inequitable." *Hoffmeister v. Kranawetter*, 407 S.W.3d 59, 61 (Mo. App. 2013); *Nationwide Transfer LLC v. Neally Law, LLC*, 674 S.W.3d 488, 491 (Mo. App. 2023).

Point 2 maintains the trial court erred in dismissing Husband's claim for unjust enrichment because the Petition "alleged each of the elements of the cause of action and the claim was not barred by either the merger doctrine or the presumption of payment established by § 516.350[.]" Husband first argues he stated a claim for unjust enrichment based on his repayment of the second mortgage, alleging that: (1) "he repaid the second mortgage in the amount of $90,000"; (2) Wife "received and retained the benefit of that payment when she sold the house and her net proceeds were augmented by [Husband's]

13

$90,000 payment"; and (3) "her retention of that benefit was inequitable[.]" Husband next argues: (1) the merger doctrine is inapplicable to Husband's action for unjust enrichment because his claim "did not arise out of [Wife's] breach of her promise to divide home proceeds or the [Dissolution Judgement's] requirement that she do so, but rather her inequitable retention of the benefit established by [Husband's] retirement of the second mortgage after having committed that breach"; and (2) "the § 516.350 presumption that an unrevived judgment has been paid is inapplicable to [Husband's] claim for unjust enrichment because the judgment did not require [Wife] to reimburse [Husband] for his payment of the second mortgage and [Husband's] claim in equity did not seek to enforce the judgment." We again find no merit in this point.

As an initial matter, Husband's argument – that his claim for unjust enrichment does *not* arise from the Agreement or the Dissolution Judgment – is simply not true. Husband pleaded facts establishing that his unjust enrichment-claim arose solely from the Agreement that, as established in the previous point, merged into the Dissolution Judgment. In the Petition, Husband alleged, *inter alia*, that Wife "has been unjustly enriched" by retaining: (1) Husband's $90,000 payment of the second mortgage; and (2) Husband's share of equity in the Residence that she sold after he paid the second mortgage. Husband prayed for a judgment against Wife "in the amount of her unjust enrichment in the amount of the second mortgage … or alternatively, for the amount [Wife] agreed to pay [Husband] upon sale of the [Residence.]" As such, Husband's claim for unjust enrichment as pleaded in the Petition does not arise from any conduct not compelled by the Dissolution Judgment.

Husband attempts to recast his claim as an equitable one – not directly premised on the Dissolution Judgment, but that argument similarly fails. Husband claims on appeal that he is seeking a different amount of money than he would have been owed under that

14

judgment. According to Husband, he is merely seeking "reimbursement" for his payment of the second mortgage, not the proceeds from the sale of the Residence, and therefore, the Dissolution Judgment is not implicated. Husband, however, never alleged in his Petition, nor does he urge on appeal, that Wife's retention of the benefit conferred by him (in the form of his court-ordered payment of the second mortgage) would be unjust if she had paid him the proceeds from the Residence. Instead, Husband maintains that it is unjust for Wife to retain *both* his payment of a second mortgage *and* the proceeds from the sale of the Residence – obligations that clearly arise from the Dissolution Judgment. By operation of § 516.350, Wife is conclusively presumed to have paid the sale proceeds in full, barring Husband's claim. *See id.*; *Gillespie*, 659 S.W.3d at 613 (home profits provision within the dissolution judgment is conclusively presumed to be paid pursuant to § 516.350.1, and *any* suit thereon is barred). Further, with respect to an unjust-enrichment claim, such a claim cannot be brought against one who has paid the full amounts owed, even if the plaintiff did not, in fact, receive those monies. *See Almat Builders and Remodeling, Inc. v. Midwest Lodging, LLC*, 615 S.W.3d 70, 82 (Mo. App. 2020) (holding that unpaid subcontractor failed to state claim for unjust enrichment against owner who had paid general contractor for the work). Here, Husband failed to state a claim for unjust enrichment against Wife, who has conclusively paid the full amount owed.

Thus, because ten years elapsed after entry of the Dissolution Judgment without revival, "such judgment [is] conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever." § 516.350.1. The trial court did not err in determining that § 516.350 bars Husband's efforts to directly and indirectly enforce the Dissolution Judgment. Point 2 is denied.

15

The judgment of the trial court is affirmed.


JEFFREY W. BATES, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCUR

WILLIAM W. FRANCIS, JR., S.J. – CONCUR